## BENJAMIN BART *v.* LILLIAN BART
[No. 39, October Term, 1943.]

*Decided December 15, 1943.*

The cause was argued before SLOAN, C. J., DELA-PLAINE, COLLINS, MARBURY, GRASON, MELVIN, ADAMS, and BAILEY, JJ.

*Richard H. Stevenson* for the appellant.

*R. Lewis Bainder* submitted on brief for the appellee.

MARBURY, J., delivered the opinion of the Court.

The appellee was divorced *a vinculo* from the appellant by decree of the Circuit Court of Baltimore City, which was dated June 29, 1931, but does not appear to have been filed until August 31, 1931. The decree provided that the appellant should pay the sum of $5 a week to the appellee "for a period of three years as alimony, through the Probation Department of the Supreme Bench, subject to the further order of this Court." The custody of the infant daughter of the parties was awarded to the appellee, but it was provided that the infant should remain in the home of the parents of the appellant subject to the further order of the court.

On February 2, 1943, the appellee filed a petition in the divorce case stating that the appellant had paid $5 a week for the period of three years. That since that time, until April, 1942, the appellee had been able to work and support herself, but that she was incapacitated by an operation in April, 1942, and is now on public relief. She alleges that the appellant has a substantial income and asks that she be given alimony at the rate of $15 a week. Appellant demurred, the demurrer was overruled, and an appeal was taken to this court.

The appellant claims that the allowance by the court under the decree of divorce was not alimony, but was in effect a fixed sum, and therefore, is not subject to any change. He further contends that the appellee is guilty of laches, inasmuch as she has waited more than three years after the end of the last payment fixed in the decree before asking that the case be reopened.

The law is well settled in this State that jurisdiction exists in the equity courts to increase or reduce the amount allowed as alimony as circumstances may justify. *Emerson v. Emerson,* 120 Md. 584, 87 A. 1033; *Marshall v. Marshall,* 162 Md. 116, 159 A. 260. This is true, whether jurisdiction is specifically reserved or not. *Winkel v. Winkel,* 178 Md. 489, 15 A. 2d 914. This,

however, is not the case if the award is not alimony, but is a confirmation of an agreement of the parties. *Dickey v. Dickey,* 154 Md. 675, 141 A. 387. In the last mentioned case the long settled definition of permanent alimony is reaffirmed. It is described as "a provision by the husband for the wife's support that continues only during their joint lives, or so long as they live separate and apart."

The provision in the case before us is for a definite period which might have been longer or shorter than the joint lives of the parties. The court, however, states that it is awarded "as alimony" and in the absence of any explanation we must accept the court's designation of its own award. It is true that the determination of what is or what is not alimony does not depend on what it is called (*Emerson v. Emerson,* 120 Md. 584, 87 A. 1033), but this court cannot undertake to decide that the award in the present case is not alimony without any facts whatever to go upon. The court below may have been confirming an agreement between the parties but there is nothing before us to show this. The award is not a lump sum award, and does not fix an amount which the husband has to pay the wife irrespective of his death or hers. The court specifically reserves the right to change the award. It cannot be determined from the face of the decree that it would be payable longer than the joint lives of the parties. There may have been special circumstances which induced the court to fix the three-year period. It is probable there were, because it is an unusual provision. Nevertheless, we cannot determine, in the absence of evidence, that the award was something different from that which appears on its face. That is an award of alimony at a fixed rate for a limited period, and subject to the further order of the court, both as to the amount and as to all the other features, including the extension or limitation of the period within which it was to be paid.

The other contention made by the appellant is that there was laches on the part of the appellee in not filing

her petition until nearly twelve years after the date of the decree, and nearly nine years after the expiration of the last payment provided for by it. He compares the situation after the expiration of the three years, to a case where the court did not give alimony at all, and therefore had no right to give it on a subsequent petition. *Marshall v. Marshall,* 162 Md. 116, 159 A. 260. We do not consider the situations alike. A full discussion of the general subject will be found in the recent case of *Knabe v. Knabe,* 176 Md. 606, 6 A. 2d 366, 370. It was there said: "So that the law of this State now is that where alimony is allowed in a decree awarding a divorce *a mensa* or *a vinculo,* or in a decree awarding alimony alone, the jurisdiction of the court as to alimony is continuing whether reserved or not, and so much of the decree as relates to the allowance of alimony may be from time to time changed and the allowance increased or decreased or otherwise modified, so as to conform to changed conditions."

If the allowance is alimony as we must assume that it is, then the court has the power at any time to change or alter it, and this power must extend through the joint separate lives of the parties. The power of the court cannot be cut down by the failure of the wife to ask for its exercise at a time when she perhaps did not want it. She did not delay very long after she claims it was made necessary for her to have some support. No harm has been done the appellant by her failure to ask before. In fact he has been financially benefited because he has been free from any payments for nine years. He may not have expected any further demands upon him, but he is presumed to know that demands might be made upon him, and he is not injured by the fact that they were not. A similar contention was made in another recent case under somewhat different circumstances and was denied. *Winkel v. Winkel,* 175 Md. 167, 4 A 2d 128. In the second appeal of the same case, speaking on the same subject, this court said: "On reason the power of the court of equity to adapt its remedial relief to exist-

ing conditions and circumstances should not be curtailed. The flexible quality of its procedure is oppressively limited by the denial of redress for the chancellor's unforeseeably mistaken estimate of future faculties which the husband, without fault on his part, has not possessed in such a measure as to enable him to comply with the payment of the alimony imposed. Nor is it believed that there is to be found in this jurisdiction a rejection by the appellate court of this humane and equitable relief." *Winkel v. Winkel,* 178 Md. 489, at page 500, 15 A. 2d 914, 919.

In reaching the above conclusions it must be borne in mind that we are deciding this case, as we must decide all cases, upon the face of the record. The result of our decision is that the appellant must answer. In his answer he can state such facts as exist with respect to the award made in the decree and the chancellor can then determine the law based upon these facts and make or refuse such award as he may think proper. What we have said is not to be construed as a determination that the appeallee is entitled to an award. That can only be determined by the chancellor after a presentation of the facts. It is presumed that he will examine them carefully and determine the proper course to pursue under all the circumstances of the case as presented.

For the reasons above stated the order will be affirmed with costs to the appellee.

> *Order affirmed, with costs to appellee, and case remanded for further proceedings.*