EUGENE C. BALLAND *v.* MILDRED J. BALLAND

[No. 56, January Term, 1945.]

*Decided June 28, 1945.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*Harry W. Allers* and *A. Frederick Taylor* appeared on brief for the appellant.

*E. Paul Mason, Jr.,* appeared on brief for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City filed December 14, 1944, dismissing the appellant's petition for a reduction of alimony fixed in a decree passed December 17, 1941. In that decree the appellee was granted a divorce *a vinculo matrimonii;* custody of the minor children was awarded to the appellee, and separate provision was made for their support.

The alimony provision of thirty-five dollars a week was "by way of permanent alimony, during the joint lives of said Mildred J. Balland and Eugene C. Balland, or until the remarriage of said Mildred J. Balland." No question is raised as to the amount of alimony fixed in the original decree; the theory of the petition, filed November 14, 1944, is that there has been a change of circumstances, in that the appellee is employed and earning sufficient money for her present needs. Mrs. Balland testified that there was an oral agreement between counsel as to the amount of alimony fixed by the original decree.

The testimony shows that Mrs. Balland resides at 3807 Sequoia Avenue, which was transferred into her name at the time the divorce was granted, subject to a mortgage of $4,300. This mortgage has been reduced to $3,300 by monthly payments made by the appellee. Mrs. Balland was employed at the time of the divorce, at a salary of $1,260 a year; her salary is now $1,500 a year. Her son, Lieutenant Jerry Crawford, a naval aviator, sent her a monthly allotment of $150 while overseas, which has now been stopped. The testimony is uncontradicted that this was not a dependency allotment but an allotment from his pay which he sent her for safekeeping and not as a gift. She did not use any of this money. A second son, Bruce Allen Balland, also in the service overseas, sends her an allotment of $65 a month, which she has deposited in a savings account in her own name. The testimony is uncontradicted that this was not a dependency allotment and that there have been no withdrawals. Mrs. Balland testified: "He sends an allotment for savings so he will have some money when he returns home." There is no testimony in the Record as to the financial status of the appellant.

The sole question is whether the chancellor properly exercised his discretion upon the evidence before him. We think he did. The fact that she received sums of money from her sons, for safekeeping, does not establish her right to this money as a source of income, but quite the

contrary. The fact that she has been able to amortize the principal of the mortgage upon her home is not controlling; presumably the reduction of this debt was within the contemplation of the chancellor and the parties, at the time the decree was entered and the husband joined in the conveyance to the wife. The fact that the appellee is earning slightly more than at the time of the decree does not materially affect the financial position of the appellee. Indeed, since December, 1941, she is required to pay Federal income tax upon her alimony, and her other taxes and living expenses have been materially increased. See *Russell v. Russell*, 142 F. 2d. 753, and note 153 A. L. R. 1041.

In *Langrall v. Langrall*, 145 Md. 340, 345, 125 A. 695, 697, this court said: "The amount of alimony having been fixed by a formal decree of the court, in accordance with a definite agreement of the parties, a change in that determination should not be made except for clearly sufficient reasons. Our inquiry is not directed to a review of the original award, but is solely concerned with any difference between the present circumstances of the parties and those which existed when the decree for alimony was passed." Compare *Bart v. Bart*, 182 Md. 477, 35 A. 2d 125. In the case at bar we find no sufficient reasons to justify a modification of the original award.

*Order affirmed, with costs to the appellee.*