## WOODRUFF v. WOODRUFF.

### No. 623.

Municipal Court of Appeals for the
District of Columbia.
July 14, 1948.

Alton S. Bradford, of Washington, D. C., for appellant.

Jean M. Boardman, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On May 28, 1936, Mrs. Woodruff filed a complaint against Mr. Woodruff in the

---

Supreme Court of the District of Columbia (now the District Court of the United States for the District of Columbia) asking for an absolute divorce and alimony on the ground of desertion. On June 4 he filed his answer. On June 22 there was filed in the cause a paper entitled "Stipulation," signed by counsel for each party and by the parties themselves. The first sentence of that paper reads as follows:

"It is hereby stipulated by and between Joseph A. Rafferty of Washington, D. C., and August H. Moran of Washington, D. C., counsel respectively for the plaintiff and the defendant in the above entitled cause, that the defendant, George Lynn Woodruff, agrees to pay to the plaintiff, Eleanor Linthicum Woodruff, as permanent alimony the sum of One Hundred Thirty-nine Dollars and Twelve Cents ($139.12) per month for the duration of the plaintiff's life, or until she remarries."

After reference to certain insurance policies and an agreement by the husband to continue them in force in favor of his wife and daughter, the stipulation continued as follows:

"It is further stipulated and agreed by and between the plaintiff and the defendant, in consideration of the foregoing, that each of the parties hereto has and does hereby release the other from all property rights resulting from the marital relation between them.

"It is further stipulated that upon the entry of the decree in the above entitled cause, the defendant will pay to Joseph A. Rafferty as a counsel fee in said cause the sum of One Hundred ($100.00) Dollars."

On June 22 there was entered a decree of absolute divorce, the last two paragraphs of which read:

"Counsel fees and alimony for the plaintiff have been agreed upon between the parties hereto as set forth in their stipulation filed herein and said stipulation appearing to be fair and reasonable to both parties herein, it is,

"Further ordered, that said stipulation be, and the same hereby is, ratified and confirmed as the contract for support and maintenance, as well as counsel fees, entered into between the parties hereto."

On November 2, 1945, Mr. Woodruff filed in the District Court a motion entitled "Motion to modify order for separate maintenance" alleging that due to change in the circumstances of the parties it would be an unusual hardship to require him to continue the payments in the amount directed in the decree of June 22, 1936. Mrs. Woodruff opposed this motion setting up as a first defense the following:

"The judgment for divorce entered herein on June 22, 1936, did not award alimony under the provisions of Section 976 of the Code of 1901 (Sec. 16—411, 1940 Code) but merely confirmed a stipulation signed by the parties as the 'contract for support and maintenance' entered into between the parties. No alimony having been awarded by the court, Sec. 16—413 has no application, and this court is without power to impair the obligation of the contract entered into between the parties." On April 17, 1946, the following order was entered:

"Order Denying Motion to Modify
Judgment

"This matter having come on for hearing upon the motion of defendant to modify the judgment of June 22, 1936, with respect to maintenance asserted to have been awarded to plaintiff by said judgment, it is by the court this 16th day of April, 1946,

"Ordered that the first defense pleaded by plaintiff in her answer to said motion is sustained as a matter of law and said motion is denied without consideration of any other points."

No appeal was taken from the above order.

On April 17, 1947, Mrs. Woodruff brought suit in the Municipal Court against Mr. Woodruff for unpaid instalments under the stipulation in the total sum of $2,365.04. The complaint alleged that plaintiff and defendant had entered into "a written contract and stipulation" by which "defendant agreed to pay to plaintiff as permanent alimony the sum of $139.12 per month for the duration of her life or until she remarried." The answer to the complaint denied any obligation under a contract.

Mr. and Mrs. Woodruff were the only witnesses at the trial. At the close of plaintiff's case defendant moved for a directed verdict on the basis that plaintiff's claim was one for alimony and not within the jurisdiction of the Municipal Court. The motion was denied. It was renewed at the close of the case and again denied. Thereupon the court directed a verdict in favor of the plaintiff.

On this appeal two main grounds are urged for reversal. First, it is asserted that plaintiff's claim is one for alimony and not within the jurisdiction of the Municipal Court. We think the trial court properly ruled that this question had been decided in the District Court and was res judicata. The District Court squarely ruled that the judgment of that court did not award alimony. No appeal was taken from the ruling and the question cannot be relitigated in the Municipal Court.

The second point made is that, in the absence of a claim for alimony, plaintiff failed to establish a contract. It is contended that the stipulation does not constitute a contract. The fact that the papper was entitled stipulation does not prevent it from being a contract. The name given a document is not controlling and, besides, there is a type of stipulation which has all the essential characteristics of a contract.[1] We think this was that type of stipulation. It had all the ear-marks of an agreement by a husband to provide maintenance for his wife from whom he was then separated. It is plain that the stipulation was a property settlement agreed to by the parties and submitted to the court in lieu of submitting the question of alimony. The District Court ratified and confirmed the stipulation as a contract for support and maintenance. While this did not convert the stipulation into a decree for alimony, certainly it in no way weakened the validity of the stipulation as an agreement between the parties.[2] Undoubtedly it was because of the parties' agreement that the court did not award alimony. The stipulation was filed and submitted to the court on behalf of both plaintiff and defendant. It was signed by them and their counsel. It is now too late for defendant to say he did not intend to be bound by such an agreement.[3]

It is also contended that there was no proof of consideration for the stipulation as a contract. This contention hardly needs to be answered. The husband, who had deserted his wife, was under legal and moral obligation to provide for her support. Furthermore, it is evident that in consideration of the stipulation the wife refrained from seeking an award of alimony and counsel fees by the court. There was ample consideration for the agreement.

The agreement between the parties being established by the record and there being no contention that the claimed amounts had been paid, the trial court correctly directed a verdict for the plaintiff.

Affirmed.

---

[1] Paine v. Chicago & N. W. Ry. Co., 217 Wis. 601, 258 N.W. 846.

[2] Cf. Bishop v. Bishop, Mo.App., 151 S.W.2d 553, and Bishop v. Bishop, Mo. App., 162 S.W.2d 332.

[3] Cf. Plant v. Plant, D.C.Mun.App., 57 A.2d 204.