**HECKMAN v. HECKMAN.**
**Civ. No. 26032.**

United States District Court
District of Columbia.
April 14, 1949.

688

Alvin L. Newmyer, of Washington, D. C., for plaintiff.

Kenneth D. Wood, of Washington, D. C., for defendant.

PINE, District Judge.

Plaintiff was granted an absolute divorce from defendant on December 20, 1945, the judgment providing as follows: "The Court having examined an agreement dated September 16, 1937, and supplement thereto dated July 19, 1945, made and executed between the plaintiff and defendant herein, whereby said parties have .adjusted their respective property rights and all claims for alimony, etc., the Court hereby approves and confirms said contract."

On February 1, 1949, defendant moved the Court for an order "increasing the allotment made to said defendant" pursuant to the judgment above referred to, and attached thereto her affidavit in support of her motion showing a change in financial condition of the parties. In opposition to this motion, plaintiff contends that the Court does not retain jurisdiction to award alimony, as the payments made to the wife were pursuant to written agreement between the parties, which the Court confirmed as a matter of contract and not alimony.

Section 16—412, D.C.Code 1940, provides that "If the divorce is granted on the application of the husband, the court may, nevertheless, require him to pay alimony to the wife, if it shall seem just and proper"; and Section 16—413, D.C.Code 1940, provides that "after a decree of divorce in any case granting alimony * *· * the case shall still be considered open for any future orders in those respects." In the instant case the Court did not require the husband to pay alimony, but only ap-

proved an agreement·by which the parties adjusted their respective property rights and "all claims for alimony, etc."[1] The decree containing no provision "granting alimony," it cannot "be considered open" for a future order in that respect. Moreover, it may be added that this statutory requirement is in keeping with well settled law in many jurisdictions, that, when alimony is omitted from a decree, it cannot thereafter be allowed, at least in the absence of fraud or mistake.[2]

The court being without power to grant the motion, the same will be denied. Counsel will submit appropriate order.

[1] Woodruff v. Woodruff, D.C.D.C., Eq. No. 61546 *; Woodruff v. Woodruff, D.C. Mun.App.1948, 60 A.2d 538.

* No opinion for publication.

[2] Marshall v. Marshall, 162 Md. 116, 159 A. 260, 83 A.L.R. 1237; Bart v. Bart, 182 Md. 477, 480, 35 A.2d 125; Duvall v. Duvall, 215 Iowa 24, 244 N.W. 718, 83 A.L.R. 1242; Smith v. Smith, 350 Mo. 104, 164 S.W.2d 921; 83 A.L.R. 1248.