## SISSON v. SISSON.

### No. 10998.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 11, 1951.

Decided Jan. 24, 1952.

924

Thomas Morton Gittings, Washington, D. C., for appellant.

Leon Sisson, appellee, pro se.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

PER CURIAM.

By a separation agreement of September 8, 1948 appellee husband agreed to make certain periodic payments to appellant wife for the support of their minor child. In 1949 appellee got a divorce from appellant on the ground of five years voluntary separation. The validity of the divorce is not in issue. The divorce decree, which gave appellant permanent custody of the child, contained this paragraph:

"Ordered that the agreement of the parties dated September 8, 1948, and attached hereto as Exhibit 'a' be and it hereby is approved by the Court and incorporated herein by reference."

Appellee afterwards failed to make the agreed payments. Appellant thereupon moved for a contempt citation and a money judgment. The District Court held that the divorce decree did not direct appellee to make the payments. Upon that premise, the court concluded that it lacked jurisdiction to enforce the payments.

We think the court's premise erroneous. The question is simply what the divorce court meant when it "approved" and "incorporated" the separation agreement in the divorce decree. We think it meant to order appellee to make the payments he had agreed to make. Unless this is so, the court failed to provide for the child's support.

"It was the duty of the court to act for the protection of the child and * * * it is proper to assume that its official duty was performed." Emrich v. McNeil, 75 U.S. App.D.C. 307, 309, 126 F.2d 841, 843, 146 A.L.R. 1146. Cf. 154 A.L.R. 479.

Woodruff v. Woodruff, Mun.Ct.App., D. C., 60 A.2d 538, affirmed 85 U.S.App.D.C. 424, 176 F.2d 72, is not to the contrary. That case held that a previous decision of the District Court, to the effect that the divorce decree there involved did not award alimony, was res judicata.

Reversed.