**ROGERS v. ROGERS.**

Civ. A. No. 5066–47.

United States District Court
District of Columbia.

April 22, 1952.

■■■■■■■■■■■

———◆———

Lewis H. Shapiro, Washington, D. C., for plaintiff.

James M. Desmond, Washington, D. C., for defendant.

MORRIS, Judge.

In this case a decree of absolute divorce was entered in favor of the plaintiff against the defendant on March 8, 1951. Contained in said decree is the following statement:

> "The Court, having examined a certain memorandum agreement dated February 27, 1951, wherein the parties have adjusted their respective property rights, the Court does hereby confirm and approve the aforesaid agreement as if set forth *in extenso* herein, reserving jurisdiction to enforce compliance therewith and all matters pertaining thereto."

The agreement referred to in the decree provides, among other things, that Elmer Joseph Rogers, Jr., referred to as the husband, shall pay to Dorothy I. Rogers, referred to as the wife, the sum of $7,000, $5,000 of which to be paid upon the execution of the agreement, and the remaining $2,000 to be paid on or before September 1, 1951, tax free; that the husband should further pay to the wife, during her lifetime, the sum of $250 per month as maintenance for her support, the first payment to commence as of March 1, 1951, and a like sum of $250 on the first day of each and every month thereafter, provided, however, that should the wife remarry, in such event the payments provided for shall cease and terminate, it being further provided that, in the event the wife shall receive income in any amount for gainful employment or receive an income from any source, the aforesaid monthly payments shall not be diminished or reduced thereby. The husband further agreed to assume personally and promptly pay, or make arrangement for the payment of, certain indebtedness to creditors listed therein, the total amount of which indebtedness was $2,906.58. The husband agreed to convey to the wife all his right, title and interest in and to all household furniture, furnishings, and effects, jewelry, ornaments, and other personal property in her possession located in premises occupied by the wife in Sedgwick Gardens, Washington, D. C. The wife agreed that she would not at any time thereafter in any manner or form pledge the credit of the husband for the purchase of any goods, wares or merchandise whatsoever. Each party explicitly waived and released to the other any and all claims which he or she might have, or might claim to have, against the other, by reason of any matter, cause, or thing whatsoever from the date of the marriage aforesaid to the time of the sealing of said agreement. It was agreed that, in the event of a decree of divorce, the agreement should be made part of said decree whether incorporated therein or adopted by reference. The husband further agreed to pay the sum of $1,500 as attorney's fee for his wife.

On December 6, 1951, the plaintiff, Dorothy I. Rogers, filed a motion, asking this Court to award to her an increase in alimony for her support, making reference, as grounds therefor, to her affidavit attached to said motion. The affidavit stated in substance that she was unable to properly support and maintain herself out of said monthly allowance, as shown by a list of monthly expenses set forth therein, and further stating that subsequent to the decree of divorce her former husband had been promoted from the rank of Brigadier General to the rank of Major General, and is receiving approximately $3,600 per annum more income than he did at the time of the decree. The defendant has filed opposition to said motion on the ground that the Court, although adopting and approving the agreement entered into between the parties, and reserving jurisdiction to enforce compliance thereof, did not "grant alimony" therein within the meaning of Section 16–413, D.C.Code 1940, which provides:

> "After a decree of divorce in any case granting alimony and providing

for the care and custody of children, the case shall still be considered open for any future orders in those respects."

It is, therefore, insisted that the Court does not have jurisdiction, by order, subsequent to the decree, to alter the terms of the agreement made between the parties.

Obviously the agreement provided for a settlement between the parties, based, not only upon the monthly payments provided for therein, but respecting the disposition of property, the payment of substantial lump sums, and the payment of certain indebtedness. It is certainly not to be assumed that, because the Court reserved jurisdiction to enforce such agreement, it intended to retain jurisdiction to change and modify it. The conclusion reached by this Court in the case of Woodruff v. Woodruff,[1] Equity No. 61547, acting through Judge Holtzoff, is to the effect that the Court could not alter an agreement made by the parties in substantially the same situation. Similar action was taken by this Court in the case of Heckman v. Heckman, D.C., 83 F.Supp. 687, acting through Judge Pine.

It is not considered that this action is contrary to the decision of our Court of Appeals in the case of Sisson v. Sisson, D. C.Cir., 193 F.2d 923. There the agreement related to the custody and maintenance of of a minor child, and obviously the agreement of the parties could not supplant the power of the Court to make proper provision for the maintenance of such child, and the Court of Appeals construed the approval of the Court to such adoption of the agreement as giving to the Court the power to enforce compliance of the agreement. There it was not sought to amend the agreement, but, in the circumstances stated, I do not question that the Court could have done so, if the welfare of the child so required. In any event, that is not the situation here, and the motion to make allowance of alimony, as requested by the plaintiff, is denied on the ground that the Court does not have jurisdiction now to amend or alter the agreement entered into between the parties and approved by the Court. There is no question that such

agreement has not been, and is not now being, complied with.

Counsel will prepare an appropriate order carrying this decision into effect.

---

1. No opinion for publication.