Ruthel CARTER, Appellant,

v.

Eddie F. CARTER, Appellee.

No. 83–26.

District of Columbia Court of Appeals.

Submitted Jan. 26, 1984.
Decided March 16, 1984.

---

Dovey J. Roundtree, Washington, D.C., was on the brief for appellant. Karl W. Carter, Jr., Washington, D.C., also entered an appearance.

William R. Voltz, Washington, D.C., was on the brief for appellee.

Before PRYOR and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

This is an appeal by a divorced wife from an order denying her motion to require her former husband to pay alimony. The court entered an order disclaiming authority to make an alimony award in a case where the decree of divorce itself did not grant alimony. For reasons stated in this opinion, we affirm the order.

The parties here were divorced from the bonds of matrimony by the Superior Court on June 17, 1981, after a three day trial on a complaint filed by the husband alleging that the couple had been separated for more than one year without cohabitation. Although the parties were still living under the same roof, the trial judge, Honorable William E. Stewart, Jr., held that the husband was entitled to a divorce on the grounds alleged, finding that for a period of about five years prior to the filing of the suit the parties had occupied separate bedrooms, ceased marital relations, and had lived separate lives without cohabitation.

In his written opinion, a document captioned "Findings of Fact, Conclusions of Law and Judgment of Absolute Divorce," the trial judge found that the husband had retired a few months before the trial, but as the company which employed him had no pension plan, the retiree's only income was a monthly Social Security payment of $572. He also found that the wife was receiving Social Security checks in the amount of $146 a month, and that each of their two minor children was receiving a similar Social Security monthly allowance until reaching majority.

Awarding custody of the son to the husband and the daughter to the wife, the court decreed that each child's Social Security payment should be administered by the particular parent having custody. The judgment allotted the wife a 25 percent interest in the family home—then a piece of real estate owned solely by the husband.

On the issue of support or alimony, the order provided, "That both parties be . . . relieved from any obligation to pay support or alimony until further order of this court based upon changed circumstances."

Some fifteen months after the 1981 judgment had been entered, another Superior Court Judge, Honorable Truman A. Morrison III, took testimony with respect to a motion based on "changed circumstances" filed by the divorced wife in which she sought *inter alia* an order requiring the husband to pay child support and alimony. The court in a memorandum opinion found insufficient proof of changed circumstances to warrant an order requiring the husband to pay any specified sum in child support, noting that neither party had introduced any evidence regarding his income nor that anything suggested that the Social Security allowances [1] for each minor child were inad-

---

1. These had been increased to $261 monthly— presumably because of cost-of-living adjustments occurring between the date of the divorce trial and the motions hearing.

equate. The court also found that the wife, who alleged that she had become disabled, was receiving $189 per month in public assistance, which she was not receiving when the divorce decree was entered.

On the issue of alimony, the court expressed doubt as to whether it had jurisdiction to order alimony in a case where the divorce decree itself made no award of alimony, citing the wording of D.C.Code § 16–914(a) (1981):

> After the issuance of a decree of divorce *granting* alimony and providing for the care and custody of children, the case shall still be considered open for any future orders relating to those matters. [Emphasis supplied.]

The court deferred passing on the question until the parties filed memoranda of law.

Both parties ultimately did so, but these memoranda were referred to another judge, Honorable Paul R. Webber III, who issued an order denying the motion "for fixing alimony." Without elaboration, the order concluded that "the case is not open for the fixing of alimony since the decree of divorce did not grant alimony." It is from this order that the appeal was filed.

■ It is established in this jurisdiction that where a final and absolute decree of divorce denies alimony or makes no provision for alimony, the effect of such a decree relieves the husband of the obligation to support his former wife. *Jackson v. Jackson,* 200 A.2d 380 (D.C.1964); *Heckman v. Heckman,* 83 F.Supp. 687 (D.D.C.1949); *accord Rogers v. Rogers,* 109 F.Supp. 937 (D.D.C.1952) (*semble*).[2] These holdings are not necessarily controlling here, however, as the original decree relieving the parties of alimony obligations was to last only until "further order ... based on changed circumstances." Thus, appellant says this case presents what she describes as a question of first impression in this jurisdiction, *viz.,*

whether a reservation of the power to grant alimony at some unspecified future date can be validly made, and the reserved power exercised, after the divorce decree has been effective. It does appear that the *Jackson* opinion was not dispositive of this issue, for there it was noted that the particular decree construed as extinguishing any claims to alimony "did not reserve the power to thereafter grant alimony." *Jackson v. Jackson, supra,* 200 A.2d at 382.

According to appellee, the exception noted in the *Jackson* opinion has no bearing here as the decree at issue in that case had been entered by a Maryland court and the highest court in that state had sustained the authority of divorce tribunals to reserve a power to order alimony at a later date if circumstances changed. *Buehler v. Buehler,* 229 Md. 317, 182 A.2d 877 (1962); *McSherry v. McSherry,* 113 Md. 395, 77 A. 653 (1910). Appellee's point is that the *McSherry* doctrine rested upon traditional equity power rather than statute, whereas the authority of our local courts is circumscribed by D.C.Code § 16–914(a), which by implication, at least, seems to limit the power to fix alimony at a later date to cases where some alimony had been granted in the first place.

■ The record before us, however, is such that we are not called upon to resolve this statutory issue. It is clear from *McEachnie v. McEachnie,* 216 A.2d 169 (D.C.1966), that the discretion of our courts to award alimony is not unlimited for such provision may be made only if there is substantial supporting evidence. There, in reversing an alimony award, this court observed:

> From the record we are constrained to hold that there is no substantial evidentiary basis upon which to award appellee permanent alimony or *even to justify having the question reserved for future*

---

2. This is also the law in Maryland. *See Marshall v. Marshall,* 162 Md. 116, 159 A. 260 (1932), where the highest court of that state in a learned review of the authorities in this country and in England distinguished between divorces *a vinculo matrimonii* (which is the case here) and divorces *a mensa et thoro,* noting that such interlocutory decrees were subject to later modification.

*determination upon a showing of a change in circumstances.*

*Id.* at 171 (emphasis supplied).

█ In the instant case, we might well have reached the same conclusion had the husband appealed from the original decree.[3] In the absence of such an appeal, however, the now challenged reservation became the law of the case for purposes of subsequent hearings on changed circumstances. *See Jenkins v. United States,* 284 A.2d 460 (D.C. 1971). We think it plain from the evidentiary findings of Judge Morrison in the hearing on an asserted change in circumstances that whatever financial change had occurred benefited the movant and thus removed any justification for holding that she was entitled to alimony. Thus, the ultimate denial of the motion was correct as evidence of any significant change in the status quo was lacking. Hence, without reaching the jurisdictional question posed by the briefs of the parties, we have concluded that the order rejecting appellant's motion should not be disturbed.

*Affirmed.*

---

**3.** An appeal was noted after the first decree, but was never perfected. *See* No. 81–934 (D.C. Sept. 4, 1981), (order dismissing appeal for failure to proceed).