Jerome S. MURRAY, Appellant,

v.

Irving S. LICHTMAN, Appellee.

No. 18409.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 1, 1964.

Decided Nov. 19, 1964.

Mr. Joseph A. McMenamin, Washington, D. C., for appellant.

Mr. David G. Bress, Washington, D. C., with whom Messrs. Lucien Hilmer and J. H. Krug, Washington, D. C., were on the brief, for appellee.

Before BASTIAN, WRIGHT and McGOW-AN, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

In September, 1957, defendant-appellee Lichtman became interested in purchasing the Kedrick Building, then owned by Parkwood, Inc. After several discussions, plaintiff-appellant Murray agreed to use his influence with the president of Parkwood to arrange for a sale on terms agreeable to Lichtman. Murray alleges that, in return for his services in bringing about the sale, Lichtman orally promised to indemnify him should he be held liable in any way to Weinberg & Bush, Inc., a real estate firm which had been involved in earlier negotiations concerning the Kedrick Building.

The sale from Parkwood to Lichtman took place on September 27, 1957. On October 5, 1957, Lichtman sent Murray a letter in which he agreed to "save you [Murray] harmless from any claim for commission which may be maintained against you growing out of my recent purchase of the Kedrick Building." The letter then set forth the situation, as understood by Lichtman, and provided "that my indemnity aforesaid is not operative in the event that facts should be proven in the event of a suit involving a claim for commission which materially changes, in legal effect, the situation as

is presented." One of the material facts, stated in the letter, which conditioned Lichtman's obligation was that Murray had never authorized the Weinberg & Bush firm to attempt to find a purchaser for the Kedrick Building. Upon receipt of the letter, Murray signified his approval of it by signing at the bottom.

In October, 1960, Weinberg & Bush recovered $20,000 in an action for breach of warranty of authority against Murray. In that action, it was established that Murray had authorized Weinberg & Bush to find a purchaser for the Kedrick Building without authority from Parkwood, and thus became personally liable to Weinberg & Bush for their commission on the sale.

Murray now demands indemnity for this liability to Weinberg & Bush. Lichtman, in answer to Murray's demand, denies that any oral promise of indemnity was made and further contends that, even if such a promise were made, it was integrated in the later written agreement which by its terms became inoperative when it was subsequently established in a legal action that Murray had employed Weinberg & Bush to find a purchaser for the Kedrick Building. When the case came on for trial, Lichtman's motion to dismiss, made at the end of Murray's opening statement, was granted[1] by the trial court.

██ The record, including the pleadings, affidavits filed by both parties, the Pre-trial Examiner's Statement, and Murray's opening remarks, clearly reflects a genuine issue over whether an oral promise of indemnity was made before the sale took place. Lichtman's contention, which was apparently accepted by the trial court, is that this issue is immaterial since, even if the promise had been made, it was, by virtue of the parol evidence rule, integrated in the later written agreement. We do not agree.

██ The parol evidence rule requires that "[w]hen two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing."[2] But the rule does not exclude evidence to show that the writing was not intended to be a complete and accurate integration[3] or to show that the written agreement is void for lack of consideration.[4]

██ If we assume Murray's allegations to be true, as we must, it appears that the parties entered into a valid contract before the date of the sale. At that time, Lichtman allegedly gave Murray his broad oral indemnity in return for Murray's services. After the sale, when the parties approved Lichtman's letter, Murray's services had already been performed and Lichtman was bound by his

1. In Lampka v. Wilson Line of Washington, 117 U.S.App.D.C. 55, 55–56, 325 F. 2d 628, 628–629 (1963), this court expressed disapproval of the method of summary disposition employed in the present case. The opinion noted that:

"* * * Dismissal after the opening statement is not specifically authorized in the Rules but is a vestige of practice before the Rules were adopted.

"Since the opening statement may be waived entirely, grave doubt arises whether, if a complaint states a cause of action, an opening statement can so dilute the formal pleading as to afford a basis for summary disposition. * * *"

These remarks are made particularly apposite to the present case by the fact that, before the case came on for trial, a motion for summary judgment in favor of Lichtman had been denied.

2. 3 CORBIN, CONTRACTS § 573 (1960). See also Welch v. Sherwin, 112 U.S.App. D.C. 124, 300 F.2d 716 (1962); 4 WILLISTON, CONTRACTS § 631 (3d ed. 1961).

3. Brewood v. Cook, 92 U.S.App.D.C. 386, 207 F.2d 439 (1953). See also Metals Development Company v. United States, 5 Cir., 322 F.2d 210 (1963); Richfield Oil Corporation v. United States, 9 Cir., 248 F.2d 217 (1957).

4. See generally, 4 WILLISTON, CONTRACTS § 634 (3d ed. 1961).

earlier oral promise. The letter agreement, which substantially conditioned the indemnity, was therefore without consideration and cannot, of itself, create any contractual rights and duties.[5]

■■ Nor can the letter stand as a writing to which the parties have both assented as the complete integration of their contract. The assent to an integration is itself a contractual act and must, therefore, be supported by consideration.[6] When one of the parties to a contract has completely performed his part of the bargain, his later assent to a writing incorporating the terms of the bargain is without consideration. If, in such a case, the terms of the writing vary from the terms of the prior agreement, the prior agreement must be considered to determine the rights and duties of the parties.

■ The evidence may show that in signing the letter the parties then agreed that it expressed the existing contractual situation. If so, the letter may amount to an admission on Murray's part as to the terms of the oral indemnity contract. But the terms would not be conclusively established by such an admission. Op-

posing this possible admission are Murray's sworn assertions to the contrary. Thus a genuine issue of fact exists which only a trial on the merits can resolve.

Reversed and remanded.

---

5. It is, of course, well settled that past consideration is no consideration. Glascock v. Commissioner of Internal Revenue, 4 Cir., 104 F.2d 475 (1939); 1 Williston, Contracts § 142 (3d ed. 1957).

   Furthermore, assuming the terms of the prior oral contract were as Murray has alleged, Lichtman's promise in the letter was a promise to perform a pre-existing obligation. Such a promise is not sufficient consideration for Murray's agreement to alter the obligation. See 1 Williston, Contracts § 130 (3d ed. 1957).

   The record contains no allegations that the letter agreement was a compromise settlement of a *bona fide* dispute as to the terms of the oral agreement. If evidence to this effect is developed on trial, other principles would apply. *Id.* at p. 536.

6. Texas Pacific Coal & Oil Co. v. Honolulu Oil Corp., 5 Cir., 241 F.2d 920 (1957),

*affirming* N.D.Tex., 141 F.Supp. 322 (1956); Cotulla v. Barlow, Tex.Civ.App., 115 S.W. 294 (1908). Restatement, Contracts § 237 (1932):

   " * * * [T]he integration of an agreement makes inoperative to add to or vary the agreement all contemporaneous oral agreements relating to the same subject-matter; and also, unless the integration is void, or voidable and avoided, all prior oral or written agreements relating thereto. If either void or voidable and avoided, the integration leaves the operation of prior agreements unaffected."

*Comment b* under § 237 states:

   " * * * Prior agreements, however, whether written or oral, which were operative before the integration do not have their effect destroyed by an integrated agreement which is either void or is voidable and avoided."

And see *Illustration* 1 under the same section.