Rudolphe E. TONN, Appellant,

v.

PHILCO CORPORATION, Appellee.

PHILCO CORPORATION, Appellant,

v.

Rudolphe E. TONN, Appellee.

Nos. 4341, 4342.

District of Columbia Court of Appeals.

Argued Dec. 11, 1967.

Decided May 1, 1968.

Peter M. Kilcullen, Washington, D. C., with whom Frank B. Tavenner, Washington, D. C., was on the brief, for appellant in No. 4341, and for appellee in No. 4342.

Laidler B. Mackall, Washington, D. C., with whom James V. Dolan, Washington, D. C., was on the brief, for appellee in No. 4341, and for appellant in No. 4342.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge.

A representative of appellant (hereafter called Philco) approached appellee (hereafter called Tonn), an electrical engineer then employed in New Jersey, to inquire if Tonn were interested in working for Philco in the Washington, D. C. area. Tonn did not indicate an immediate interest in changing employers but there was a general discussion concerning the terms of employment offered. Later a Mr. Pusey, Philco's manager of technical employment for the division in which Tonn was to work, called Tonn and persuaded him to submit an application for employment in order for Philco to make a definite offer. Tonn testified he rejected Philco's initial written offer because of the salary, minimum term of employment and other items which had been previously discussed. Then, according to Tonn, Pusey orally promised that Tonn would receive the salary he desired, $16,000 a year, would be employed for a minimum of one year, and would receive two weeks vacation the first year, although the company's policy was not to give a vacation until completion of a year's employment. Pusey in a letter confirming the oral offer specified the $16,000 yearly salary and certain company benefits but made no mention of minimum term of employment or vacation. Tonn's letter of acceptance did not mention the omission of those items in the offer.

Tonn commenced work with Philco in Arlington, Virginia, on January 14, 1963. He signed several papers. One of those papers, under the title of "Employment Agreement," stated that his employment was not for any definite term and could be terminated at any time by either Philco or Tonn; that the employment was subject to the rules, regulations and policies of the company; and that there were no other agreements or understandings, verbal or in writing, regarding his employment. According to Philco's testimony, Tonn signed these papers without protest on the first day he reported for work. Tonn testified he did not sign them until several days after he had started to work and then only on being assured by Pusey that the printed form would not affect their prior agreement.

On September 23, 1963, Philco discharged Tonn, paying him through the month of September. Tonn was unable to secure other employment until six months later.

Tonn brought this action, entitling his complaint as one on "an employment contract." He claimed he was entitled to his salary from the date of his discharge until the end of his year's employment and also that he was entitled to pay for a two weeks vacation. During the course of the trial, Tonn apparently changed his claim from one on an employment contract to one for fraud.[1] When the case was submitted to the jury, the trial court instructed the jury that the basis of Tonn's claim was that "he was fraudulently induced into entering into a contract," that "he was lured from his other job into a job with the Philco Corporation, and it was done by means of misrepresentations," and that he was damaged thereby.

The trial court also charged the jury that if Tonn was entitled to recover, his damages were measured by the difference between what he would have earned in one year under his former employment ($14,500) and what he actually received during the eight months while employed by Philco ($10,666.-72). The jury awarded Tonn the difference between those sums.

Philco filed a written motion for judgment notwithstanding the verdict or for a new trial. Tonn opposed the motion as being untimely filed. The trial court granted Philco judgment n. o. v. and denied the alternate motion for a new trial. Both parties have appealed.

We first consider Tonn's appeal which questions the timeliness of the motion for judgment n. o. v. The trial court's Civil

1. We have not been furnished with a complete transcript of the trial.

Rule 50(b) permits a motion for judgment n. o. v. to be filed "not later than 4 days after entry of verdict." In this case the verdict was entered on January 25, and the motion was not filed until February 2. Obviously the motion was not filed within the time limitation of the rule, and the trial court's Civil Rule 6(b) provides that such time cannot be extended. Philco argues that although its written motion was not timely filed, it made an oral motion immediately after the verdict was returned, that the trial court stated it did not wish to hear argument on the motion but desired a written memorandum in support of the motion, and that the formal written motion was filed in compliance with the court's request.

Under the rules of the trial court a motion for judgment n. o. v. or for new trial must be in writing,[2] but a motion made "during trial" need not be in writing.[3] Under the Federal Rules of Civil Procedure there is authority that a motion for judgment n. o. v. or for a new trial made immediately upon pronouncement of the verdict is made during trial and thus may be made orally.[4] If it were clear from the record before us that immediately after announcement of the verdict, Philco had orally moved for judgment n. o. v., we would be inclined to hold that such motion was properly and timely made,[5] but here there is nothing of record showing that the oral motion was made other than an affidavit of Philco's counsel which does not unequivocally state that an oral motion for judgment n. o. v. was actually made. Furthermore, the trial court's order granting judgment n. o.

v., refers to an "oral motion for new trial after verdict," and a written motion for judgment n. o. v. or new trial, implying at least that there was no oral motion for judgment n. o. v. The trial court's order stated that, under the circumstances of this case the motion for judgment non obstante veredicto or for new trial was timely filed, but we must hold that it was not timely filed and the court was without power to grant judgment non obstante veredicto.

We now consider Philco's appeal which contends its motion for a directed verdict at the close of the evidence should have been granted. As we have indicated, Tonn's position taken at trial was that he was induced by fraudulent misrepresentation to leave his former employer and accept employment with Philco. Primarily this misrepresentation was an alleged oral promise that he would be guaranteed employment for one year, and secondarily that he was promised a two weeks paid vacation during that year. These alleged oral promises took place in New Jersey before Tonn terminated his employment there.[6] On December 14, the date of the last of those conferences, Philco sent a letter to Tonn, stating that "after reevaluation we are pleased to change our offer to a position as a Senior Engineering Specialist at a starting salary of $16,000 per year as discussed with Mr. Wayne Hess." The letter then specifically referred to the insurance benefits, the hospital and medical benefits and the retirement plan which would accompany Tonn's employment. The letter also stated the company would pay for the cost of moving Tonn, his family and his

2. Civil Rule 50(b), 59(a).

3. Civil Rule 7(b).

4. See Douglas v. Union Carbide Corp., 311 F.2d 182 (4th Cir. 1962); Witt v. Merrill, 208 F.2d 285 (4th Cir. 1953); 3 Barron & Holtzoff, Federal Practice and Procedure § 1306; 6A Moore's Federal Practice § 59.09 [1]. Contra, Fine v. Paramount Pictures, 181 F.2d 300 (7th Cir. 1950).

5. We do no approve such practice, however, for, as Moore says, the practitioner would be well advised to file a written motion and avoid any problem as to the validity of an oral motion. 6A Moore's Federal Practice § 59.09 [1].

6. For present purposes we disregard any alleged oral promises in Virginia after Tonn's arrival there, because by that time Tonn had terminated his employment in New Jersey and any damage from such termination had already occurred.

household goods; but the letter said nothing about a guaranteed one-year employment or vacation, and concluded by stating: "If you have any questions concerning the position or company benefits, please do not hesitate to contact us."

In reply Tonn wrote: "This will confirm our telephone conversation of December 14 in which I accepted your offer of employment pursuant to the conditions outlined in your letter of December 14." Tonn's letter made no reference in any way to length of employment or vacation benefits. It thus appears that after a series of conferences respecting Tonn's employment by Philco, the company made a formal offer of employment and Tonn unequivocally accepted the offer. When, a few weeks later, Tonn went to Philco's office in Virginia to commence work he signed the "Employment Agreement" which in plain words clearly stated that the employment was for no definite term and could be terminated at any time.

 Where after oral negotiations parties enter into a written contract, their rights must be controlled by their contract. Its terms cannot be varied by parol evidence and in effect this is what Tonn sought to do. Nor can Tonn, under the circumstances here disclosed, claim that he was fraudulently induced to believe that the contract he signed meant something different from what it plainly said. "If this were permitted, contracts would not be worth the paper on which they are written." [7]

Having reached the conclusion that the trial court lacked authority to grant judgment n. o. v., but also having concluded that the trial court should have granted Philco's motion for a directed verdict at the close of the evidence, we are faced with the question of the proper disposition of the case by us.

In Johnson v. New York, N. H. & H. R. Co., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77 (1952), it was held, with four Justices dissenting, that in the absence of a timely motion for judgment n. o. v. the appellate court could not direct entry of judgment in favor of the defendant but could only order a new trial. That ruling on its face would appear to restrict us to the grant of a new trial in spite of our holding that the evidence did not warrant submission of the case to the jury. However, we feel that the ruling in Johnson is to some extent modified by Neely v. Martin K. Eby Construction Co., 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967). In Neely, with only Justice Black, the author of Johnson, dissenting, it was said:

There are, on the one hand, situations where the defendant's grounds for setting aside the jury's verdict raise * * * dispositive issues of law which, if resolved in defendant's favor, must necessarily terminate the litigation. * * * In such situations, and others like them, there can be no reason whatsoever to prevent the court of appeals from ordering dismissal of the action or the entry of judgment for the defendant. Id. at 327, 87 S.Ct. at 1079.

 Holding, as we do, that Tonn's evidence did not warrant submission of his case to the jury, we feel this is a situation where this litigation should be terminated and this court is empowered to order entry of judgment for Philco.

Accordingly it is ordered that the judgment n. o. v. in Philco's favor be vacated, and the trial court is thereupon directed to enter judgment in favor of Philco.

---

7. Toledo Computing Scale Co. v. Garrison, 28 App.D.C. 243, 249 (1906), quoting from Upton v. Tribilcock, 91 U.S. 45, 50, 23 L.Ed. 203 (1875).