**Myer Harold STOLAR, Appellant,**

v.

**Elinor STOLAR, Appellee.**

**Nos. 4839, 4840.**

District of Columbia Court of Appeals.

Argued Dec. 9, 1969.

Decided Jan. 30, 1970.

Rolland G. Lamensdorf, Washington, D. C., for appellant.

Jean M. Boardman, Washington, D.C., for appellee.

Before HOOD, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

Appellee-wife was awarded an absolute divorce and support on the ground of voluntary separation in appeal No. 4840. The husband's counterclaim for custody, in appeal No. 4839, was dismissed. The actions were consolidated for disposition by the trial court. All issues on appeal relate to the decision in No. 4840.

---

3. Appellant's other contentions are without merit.

Custody of the two children with an allowance of $175 per month per child for support was given to the wife accompanied by an allowance of $150 per month for alimony. The court decreed that each party respectively retain their separately owned property but divide the jointly owned property equally.

Prior to these actions the parties were involved in litigation for a limited divorce which was dismissed in 1965.[1] The action in No. 4839 was brought by the wife for support and custody of the children. The husband then brought a separate action, No. 4840, for absolute divorce based on desertion. The wife counterclaimed for absolute divorce on the ground of voluntary separation. It is from the grant of this counterclaim and related support order that these appeals arise.

The trial court found that there was nothing undertaken by the husband which was conducive to reconciliation. Specifically, there was a complete failure on the part of the husband to show interest in his mate and an atmosphere of coldness was present. It was generated in part by the husband's refusal to converse with his wife, unduly restricting her conduct and activities, constantly characterizing her actions in a vulgar and dispiteous fashion, a lack of cohabitation for over 4 years, and culminated in numerous suggestions that she locate elsewhere. Thereafter, on November 26, 1966, she, together with her two children, removed their belongings from the house and, without previous announcement, departed.

The husband, immediately upon discovering the departure of his family, found them residing with his wife's parents.

After being admitted to their home, he demanded that the children return with him together with their belongings. He made no demand upon his wife to return. Indeed, she reminded him that he had requested her to move but he refused to discuss anything with her.[2] The trial court found this conduct "indicates satisfaction, consent and anxious acquiescence, on the part of the husband to the wife's moving out of the marital abode, [and] made it a voluntary separation * * * uninterrupted from November 26, 1966, to the present time. * * *"

The trial court then divided the property acquired by the parties. It allowed each litigant to retain the separately owned property, and allowed each a one-half interest in the jointly owned property, including the family home. The findings were concluded with an award to the wife of a $3,000 counsel's fee.

The appellant contends that all of these findings are in error. He urges instead that the weight of the evidence establishes desertion by his wife. Our review, limited as it is to a determination whether there was substantial evidence to support the lower court's findings,[3] leads us to affirm the factual conclusions of the trial court as to all findings except those relating to support of the children.

As to the latter, the court found:

[T]hat the minor children were entitled to support during [this] period * * *; that fair and reasonable support per child per month is $175.00, [i. e. $5,950 for the two children] and giving the defendant credit for a few items pur-

---

1. The trial court there concluded that as a matter of law it had no jurisdiction to allocate property accumulated both before and after the marriage. Therefore, that decree is not res judicata in this action and the court below had jurisdiction to make an appropriate division.

2. We conclude that the tape recording corroborating this testimony was proper-

ly admitted into evidence for whatever weight the trial judge saw fit to give it. *See* 29 Am.Jur.2d Evidence, § 436 (1967).

3. Freas v. Gitomer, D.C.App., 256 A.2d 573, 574 (1969); Springer v. Springer, D.C.App., 248 A.2d 822, 823 (1969).

chased * * *, the balance due for the children's support is $1,575.00.

The court then concluded as a matter of law from these findings

> That the plaintiff is entitled to have the amount of reimbursement * * .* for the maintenance of the plaintiff[4] and the children at $225.00 [per month] for 17 months in the sum of $3,825.00 plus child support in the sum of $1,575.00 during the relevant period. (Footnote supplied.)

We read the findings to mean that the trial court found fair and reasonable child support was $175 per month per child or a total of $5,950 for 17 months.[5] The $3,875 paid by appellee for necessaries has relevance only in establishing the amount considered to be the fair and reasonable support for the children and not the amount due and owing. That latter amount is arrived at by subtracting the sum contributed by the husband for the 17-month period from the amount determined to be reasonable and necessary for their support—i.e., $5,950. The court, however, concluded that appellant had paid all but $1,575 of this amount. This being the case, the fact that appellee has expended $3,825 for necessaries for the children has no relevance because appellant, by another of the trial court's findings, had remitted sufficient money to appellee to pay for these expenditures.

The testimony indicates that appellant has not paid anywhere near the $4,375 difference between $1,575—the amount still owing, and $5,950—the total amount due for support of the children. We, therefore, remand case No. 4840 with instructions to make appropriate findings of fact and conclusions of law which reflect the amount contributed by appellant and the amount now due because of his failure to provide adequate and reasonable child support during the period in question. In all other respects, the judgment of the trial court is affirmed.[6]

Affirmed in part and remanded in part for further proceedings consistent with this opinion.

---

4. Both parties agree that these findings and conclusions are ambiguous and erroneous. The plaintiff has asked for maintenance for herself for a period of 4 months only—January to and including April, 1968. This was asserted by way of the amended counterclaim.

5. The parties do not dispute the fact that $175 per month per child was fair and reasonable child support.

6. In light of our decision in No. 4840, we affirm the dismissal of the counterclaim for custody in No. 4839.