**Keith A. CARR, Appellant,**

v.

**Ellen H. HAYNES, Appellee.**

**No. 10498.**

District of Columbia Court of Appeals.

Argued April 1, 1977.

Decided May 26, 1977.

---

Arthur R. Goldberg, Chevy Chase, Md., with whom Sidney S. Sachs and David M. Dorsen, Washington, D. C., were on the brief, for appellant.

Charles H. Mayer, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, KELLY, Associate Judge, and HOOD, Chief Judge, Retired.

HOOD, Chief Judge, Retired:

After a marriage of approximately eleven years, the parties to this appeal, hereafter referred to as husband and wife, separated in the spring of 1973 and were divorced in December of that year in the state of Nevada. After the separation but before the divorce, they entered into a separation agreement that purported to settle all rights and obligations between them, including the support and custody of their three children, all then of school age.

Approximately a year after the execution of the separation agreement this action was brought by the wife to recover from the husband the sum of $2152.90 paid by her in the summer of 1974 for the tuition for the two older children in a private school for the first half of the 1973–74 academic year.

The wife's testimony, for the most part uncontradicted by the husband, was that the children had attended private schools and in the spring of 1973, prior to the separation, she and her husband agreed that the children should continue to attend those schools. In August of 1973, bills for the first half of the academic year 1973–74 for the two older children were received. The husband refused to pay them and they remained unpaid at the time of the separation agreement and continued unpaid until the summer of 1974 when the wife was informed by the school that the children could not re-enter in the fall unless· the bill was paid.[1]

It should be noted that the wife's claim was for only the tuition that was due before the separation agreement. Under that

---

1. The youngest child attended another school and the husband had paid her tuition for the period in question.

agreement the husband has been paying child support and the wife has paid for tuition becoming due after execution of the agreement. It is the wife's contention that the tuition which became due prior to the separation agreement was primarily an obligation of the husband as a part of his duty as a father to support his children, and that when she was compelled to pay the tuition in order to keep the children in school, the husband became obligated to reimburse her. Her claim, she says, is essentially one for child support.

The husband argues that the separation agreement which, among other things, provided for child support for the future and also provided that both waived and released all claims which either had against the other, was intended as a complete settlement of any and all claims of every nature between the parties and that such agreement is a bar to the present action.

From the largely uncontradicted evidence the trial court concluded (1) that the husband had agreed with the wife that he would pay the tuition, (2) that the husband as father of the children was primarily responsible for payment of the tuition, and (3) that nothing in the agreement relieved him of his responsibility for the tuition.

■ Aside from the question of whether there was a legal and binding agreement between the parties that the husband would pay the tuition, the evidence certainly supports the conclusion that the father willingly and knowingly consented to his children entering the school and thereby became bound to pay their tuition. And as neither party saw fit to incorporate any reference to this obligation in the agreement, the court permissibly could find that when the wife was compelled to pay, she became entitled to reimbursement by him.

■ The husband insists that the trial court was in error in permitting the wife to testify to the conversations between her and the husband in the spring of 1973 concerning re-enrolling the children in the school for the fall of 1973. He claims the court thus permitted the terms of a written contract to be varied by parol evidence. We hold that the evidence was admissible. In the first place, the wife was not suing on the contract. The husband interposed it as a defense, but it did not refer specifically or in general terms to then existing obligations for child support. It was proper to hear oral testimony to determine if the parties intended by the general terms of the contract to transfer the obligation from the husband to the wife. See Trans World Airlines, Inc. v. World Wide Airlines, Inc., D.C.App., 206 A.2d 821 (1965); Dixon v. Wilson, D.C.App., 192 A.2d 289 (1963).

■ The husband argues that if the wife's parol testimony was admissible, he should have been allowed to introduce oral and documentary evidence of the negotiations leading up to execution of the contract. The general rule is all negotiations leading up to the execution of a written contract are merged into the contract and cannot be used to vary the terms of the contract. Tonn v. Philco Corporation, D.C.App., 241 A.2d 442 (1968); Murray v. Lichtman, 119 U.S.App.D.C. 250, 339 F.2d 749 (1964). The evidence here offered was intended to enlarge the terms of the contract rather than explain them.

■ The husband contends that the present action is simply a dispute over a debt and has none of the indicia of a child support dispute, and consequently the court had no power to award attorney's fees. We do not agree. The husband had recognized the need of the children to attend a private school and had agreed they should attend. As their father he was primarily responsible for paying for their needs. Jackson v. Jackson, 107 U.S.App.D.C. 255, 276 F.2d 501, cert. denied, 364 U.S. 849, 81 S.Ct. 94, 5 L.Ed.2d 73 (1960). This action was clearly one for child support, and the fact that it was one for past support instead of future support did not change its essential nature. See Paine v. Paine, D.C.App., 267 A.2d 356 (1970); Stolar v. Stolar, D.C.App., 261 A.2d 238 (1970).

■ The trial court awarded the wife counsel fees of $1500 and she seeks an addi-

tional award of $1200 to $1500 for counsel fees in this court. We feel that where an action is strictly one for the recovery of a specific sum of money, any award of counsel fees must bear some reasonable relation to the sum in controversy. We recognize that the wife's counsel is an able and experienced lawyer and that his services are valuable, but we think the award in the trial court of $1500 for the recovery of less than $2200 was overly generous, and accordingly we award no fees on appeal.

*Affirmed.*