**Ellen H. HAYNES, (formerly Carr), Appellant,**

v.

**Keith A. CARR, Appellee.**

**Nos. 11609 and 12113.**

District of Columbia Court of Appeals.

Argued Oct. 12, 1977.
Decided Nov. 23, 1977.

 

Charles H. Mayer, Washington, D. C., for appellant.

Arthur R. Goldberg, Washington, D. C., with whom Sidney S. Sachs, Washington, D. C., was on the brief, for appellee.

Before NEWMAN, Chief Judge, and GALLAGHER and HARRIS, Associate Judges.

PER CURIAM.

These consolidated appeals arise out of a claim for increased child support on behalf of the minor children of the parties. Appellant challenges in No. 11609 the order of the trial court dismissing for lack of jurisdiction her motion for increased child support. In No. 12113, she assigns as error the dismissal of her complaint for increased support on the ground of *forum non conveniens.* A brief recital of the facts is necessary to place these appeals in proper perspective.

In November 1973, the parties entered into a separation and property settlement agreement which provided, *inter alia,* for the support and custody of the couple's three minor children. In December 1974, Mrs. Haynes (formerly Mrs. Carr) filed in the Family Division of the Superior Court a complaint to enforce the separation agreement. She alleged that Mr. Carr was responsible for private school tuition payments incurred by her on behalf of the minor children. Judgment was rendered in favor of Mrs. Haynes on December 19, 1975. Mr. Carr appealed, and this court affirmed the decision of the trial court on May 26, 1977. *Carr v. Haynes,* D.C.App., 374 A.2d 868 (1977).

In the meantime, Mrs. Haynes filed on September 10, 1976, a motion to increase support payments in the same case. The trial court dismissed the motion for lack of jurisdiction and she appealed.[1]

On November 3, 1976, one week after the dismissal of the motion to increase support

---

1. It is not clear from the record whether the court dismissed the motion because an appeal was pending in the same case or because the court felt it lacked continuing jurisdiction over

payments, Mrs. Haynes initiated a new civil action against Mr. Carr. This complaint sought the same relief, *i. e.,* an increase in support for the children, that the previously dismissed motion (No. 11609) had sought. On March 28, 1977, the trial court sua sponte dismissed the complaint on the ground of *forum non conveniens* and an appeal followed.

■ After review of the record, we have concluded that the trial court's dismissal of the complaint of the ground of *forum non conveniens* was warranted. This court on many occasions has stated that the decision of the trial court to apply the doctrine of *forum non conveniens* will be disturbed only for a clear abuse of discretion. *Carr v. Bio-Medical Applications of Washington, Inc.,* D.C.App., 366 A.2d 1089 (1976); *Dorati v. Dorati,* D.C.App., 342 A.2d 18 (1975); *Frost v. Peoples Drug Store, Inc.,* D.C.App., 327 A.2d 810 (1974). It is also well recognized that a ruling of *forum non conveniens* may be made by the trial court sua sponte. *Wilburn v. Wilburn,* D.C.App., 192 A.2d 797 (1963).

■ Relevant to a determination of the issue of *forum non conveniens* are the private interests of the litigants and the public interest. The factors to be considered include the relative ease of access to proof, availability of compulsory process, the cost of obtaining witnesses, the inconvenience of long-distance travel, and the enforceability of a judgment. *Dorati v. Dorati, supra; Frost v. Peoples Drug Store, Inc., supra.* Relevant also is the community's interest in avoiding congestion of its courts by foreign litigation. In *Curley v. Curley,* 74 App.D.C. 163, 165, 120 F.2d 730, 732 (1941), the court stated:

> [T]he public policy of the District of Columbia does not require its courts to take jurisdiction of a matrimonial dispute between two persons who are neither domiciled in the District nor even residents thereof; especially where there is no

showing that the welfare of children, rights of property, or other public interests, in the District are in any way affected. . . . [Footnote omitted.]

■ In comparing the competing considerations in this case, the trial judge found that the court's interest in removing cases from its crowded docket outweighed any travel inconvenience to the parties which would result if this suit were filed in Maryland. Both parties are residents of Maryland.[2] Their children reside in Maryland and attend school in Maryland and Virginia. The only significant contact of either party with the District of Columbia is that appellee is employed here. Although that is a factor to be considered, we reject appellant's contention that it is of overriding significance.

Appellant asserts that the convenience of the parties' attorneys should be considered in that their offices are located in the District. But as we emphasized in *Frost v. Peoples Drug Store, Inc., supra* at 814, "the county seats in such adjacent areas as Arlington and Fairfax, Virginia, or Montgomery and Prince George's, Maryland, are all within a 20-mile radius of the District, [and] travel problems pale into insignificance as compared to such factors as the public interest in reducing the volume of difficult cases on court calendars already overcrowded."

Appellant raises the possibilities that appellee might attempt to evade service of process in Maryland; that it would be impossible to compel the attendance of certain witnesses in a Maryland trial; and that any Maryland judgment of support would have to be sued on in the District of Columbia to be enforceable. The record indicates, however, that appellee is as anxious as appellant to have this matter resolved expeditiously. He stated in the proceedings below that he was willing to submit to appellant's choice of forum because the case had been

---

a matter in which no decree for child support had been entered in the District of Columbia. Because of our disposition of this appeal, *infra,* we do not reach the soundness of this ruling.

2. In December 1974, when the original action in *Carr v. Haynes, supra,* was filed, Mr. Carr was a resident of the District of Columbia.

pending for some time. Nor has appellant demonstrated any justification for her apprehension that a Maryland support judgment against appellee would not be satisfied. We naturally assume that service will not be evaded, and find no unusual circumstances in this case that would justify entertaining this action in the District of Columbia, *Melvin v. Melvin*, 76 U.S.App.D.C. 56, 129 F.2d 39 (1942). We see no merit in the contention that the trial court abused its discretion.

In light of our holding that the trial court did not err in concluding that the District of Columbia is an inappropriate forum in which to maintain this suit, we find it unnecessary to consider appellant's claim that the trial court improperly dismissed her earlier motion for an increase in child support. The issue raised in the motion was identical to the claim for support later dismissed by the court on the ground of *forum non conveniens*. Unless circumstances change, our resolution of the *forum non conveniens* issue is dispositive of any further litigation of this subject matter between the parties in the District of Columbia. Consequently, we dismiss the appeal in No. 11609 (motion for support).

*Judgment in No. 12113 affirmed.*

*Appeal dismissed in No. 11609.*