212

**JUNGHANS v. JUNGHANS et al.**

No. 7370.

United States Court of Appeals for the District of Columbia.

Decided April 22, 1940.

Leo G. Koepfle, of Washington, D. C., for appellant.

Elizabeth M. Cox and Leo A. Rover, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from an order which sequesters appellant's property to satisfy a claim for alimony and counsel fees.

In 1926 appellee Margaret Junghans obtained in the District ·Court a decree against appellant for a limited divorce, with alimony for the support of herself and child. In June, 1938, she sued appellant in Maryland to collect arrears of alimony, which she alleged to amount, with interest, to $6,226.68. On December 12, 1938, the jury in the Maryland action assessed her damages at $2,500, and judgment was entered against appellant on that verdict. His interest in Maryland real estate was attached, but the Maryland judgment has not been satisfied.

The present petition for sequestration was filed in the District Court for the District of Columbia on December 9, 1938. It alleged that $5,377 was due and unpaid. On February 3, 1939, the order appealed from was issued. It directs that the proceeds of the sequestered property be applied "to satisfy and discharge the plaintiff's claim for maintenance due and unpaid under the orders of this court * * * until such claim is fully paid and discharged," and awards a counsel fee of $500. It takes no account of the suit in Maryland.

Appellant urges that the Maryland judgment bars all proceedings to enforce the alimony decree of the District Court. This assumes that a judgment of the forum is merged in a judgment entered upon it elsewhere. We think it the better rule that the original judgment remains enforceable until it is satisfied.[1] Moreover, the present proceedings were brought to collect instalments of alimony some of which accrued after the Maryland action was brought. Certainly these instalments did not affect the Maryland judgment and were not affected by it.

Instalments which, when the Maryland action was brought, were already due and not subject to modification, stand on a different basis. As to them, the Maryland court was bound to give full faith and credit to the District Court's decree for alimony.[2] But "the courts of one state need give no greater effect to a judgment of the courts of another than that judgment has in the latter."[3] Partial payment is, of course, a partial defense in a suit on a judgment. Appellants contend, and appellees deny, that evidence of payment was introduced in the Maryland action, and that this explains the fact that the Maryland judgment was for only $2,500. The present record does not show what evidence was or was not introduced in the Maryland action. We must therefore presume that the necessary evidence was introduced.[4] It follows that the Maryland judgment gave due credit to the District Court's original decree, and is binding here. A foreign judgment upon a judgment of the forum is conclusive if it gives full faith and credit to the original judgment of the forum.[5] The order here on appeal did not give effect to the determination in Maryland that appellant owed only $2,500. The order must therefore be modified.

Counsel fees were properly allowed.[6] The District Code authorizes the court to award counsel fees "during the pendency of a suit for divorce."[7] It also provides that "after a decree of divorce in any case granting alimony and providing for the care and custody of children, the case shall still be considered open for any future orders in those respects."[8] An order for the payment of counsel fees, in connection with the collection of alimony and support, is an order "in those respects." It follows that the case was "open" for the purposes of this order.

The decree should be modified in accordance with this opinion.

So ordered.

[1] Lilly-Brackett Co. v. Sonnemann, 163 Cal. 632, 126 P. 483, 42 L.R.A.,N.S., 360, Ann.Cas.1914A, 364; Wells v. Schuster-Hax National Bank, 23 Colo. 534, 48 P. 809.

[2] Sistare v. Sistare, 218 U.S. 1, 30 S. Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061; Loughran v. Loughran, 292 U.S. 216, 227, 54 S.Ct. 684, 78 L.Ed. 1219; Note, 41 A.L.R. 1419.

[3] Operative Plasterers' and Cement Finishers' International Ass'n v. Case, 68 App.D.C. 43, 46, 93 F.2d 56.

[4] Rieke Metal Products Co. v. Finney, 7 Cir., 70 F.2d 509, 512. Nuckolls v. Illinois Central Railroad Co., 227 Ky. 836, 14 S.W.2d 157. "Error is not to be presumed, but must be made affirmatively to appear by the party asserting it." Wabash Railway Co. v. Bridal, 8 Cir., 94 F.2d 117, 121, certiorari denied, 305 U.S. 602, 59 S.Ct. 63, 83 L.Ed. 382; Suydam v. Williamson, 20 How. 427, 433, 15 L.Ed. 978.

[5] Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365, 53 A.L.R. 1141; Harju v. Anderson, 133 Wash. 506, 234 P. 15, note, 44 A.L.R. 457. Cf. Dixon v. Dixon, 76 N.J.Eq. 364, 74 A. 995, in which the foreign judgment had failed to give full effect to the original judgment. The fact that the Maryland judgment was rendered after the present proceedings were brought is immaterial. Chicago, R. I. & Pacific Railway Co. v. Schendel, 270 U.S. 611, 615, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265.

[6] Cf. Alexander v. Alexander, 164 S.C. 466, 162 S.E. 437; note, 82 A.L.R. 726.

[7] Tit. 14, § 70.

[8] Tit. 14, § 73.