## HOLMES v. HOLMES.
### No. 9122.

United States Court of Appeals

District of Columbia.

Argued April 2, 1946.

Decided May 20, 1946.

Mr. Harry S. Wender, of Washington, D. C., with whom Mr. H. Nathaniel Blaustein, of Washington, D. C., was on the brief, for appellant.

No appearance for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

This is an appeal from an order overruling a motion to adjudge appellee here, plaintiff and counter-defendant below, in contempt for nonpayment of alimony.

The facts are these: In 1941 the husband, appellee here, brought an action for annulment of his marriage to the present appellant. · The wife resisted with a counterclaim, and after trial the court, on April 1, 1941, dismissed the husband's complaint and awarded the wife a divorce a mensa et thoro on the basis of her counterclaim. This decree carried with it a provision for alimony to be paid the wife at the rate of $30 per month, "beginning the first day of April, 1941, until further Order of this Court." In accordance with the provisions of Title 16—403 of the District of Columbia Code, this decree, upon the wife's motion, was enlarged into an absolute divorce on September 25, 1943. This latter decree of divorce a vinculo matrimonii made no reference to alimony. The husband, though irregular in making his payments, did pay the amount set in the first decree up to and one month beyond the date of the final decree. He then ceased to pay, taking the position that the final decree made no mention of alimony and consequently must be regarded as having absolved him from any

further obligation in this regard. Thereafter the former wife instituted the contempt proceeding which resulted in this appeal.

The trial court in deciding in favor of the husband on the motion requesting that he be adjudged in contempt apparently was of the view that the final decree, terminating as it did the marital relationship of the parties, also brought to an end the former wife's right to receive alimony awarded her under the limited decree. In the circumstances of this case the result may be harsh for it appears that the former wife of appellee may have lost her alimony due to an oversight of her counsel. However that may be, we are of the opinion that the order of the trial court should be affirmed.

As stated by appellant, the question before us is: "Whether alimony awarded in a decree for a divorce a mensa et thoro, subject to the further order of the Court, is automatically terminated by a decree a vinculo matrimonii, in which no provision for or reference to the payment of alimony is made, and the decree a vinculo is obtained pursuant to the provisions of the Local Rules of Civil Procedure for the enlargement of decree."

Appellant's argument is based on three points. (1) A judgment for alimony is separate and distinct from an award of divorce. (2) A decree for permanent alimony must stand until modified or vacated by subsequent decree. (3) The fact that alimony is not mentioned in the final decree does not automatically render inoperative that awarded under a prior decree.

 There is no doubt but that the award of alimony is separate from the divorce in that the court may reserve,

either expressely or by reason of changing circumstances, the power to modify or set aside the incident of alimony.[1] Similarly, though the decisions are subject to almost as many interpretations as there are varied fact situations, it is a fair statement of the general rule that a decree of alimony stands unless judicially modified or vacated.[2] However, all of this leads us only to the threshold of the present question as set out above. We are here concerned with the effect that the final decree in this case must be held to have had on the former in the matter of alimony.

This precise question, in a comparable fact situation, does not appear to have been raised in this or any other jurisdiction. We do not think that the cases cited by appellant[3] do more than offer solutions to cases that on their facts are vastly different from the one before us, and which in some instances involved consideration of conflict of laws principles. In the circumstances we must look to the decrees themselves and the proceedings which produced them in the light of the general theory upon which awards of alimony or maintenance under limited decrees are granted.

In Alexander v. Alexander, 13 App.D.C. 334, 343, 45 L.R.A. 806, we said, "Alimony has been defined to be 'the allowance which a husband by order of court pays to his wife living separate from him for her maintenance'. * * * It is, therefore, and it has always been held to be, apart from the express provisions of statutes authorizing divorce, an incident merely of separation by judicial decree from bed and board, and never of divorce from the bond of matrimony. * * * For, at common law, and by the dictates of reason, in the absence of statutory enactment, to justify the allowance of alimony,

---

[1] For illustrative cases involving decrees for separate maintenance see: Pilliner v. Pilliner, 64 Idaho 735, 133 P.2d 735; Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412. See also Stanton v. Stanton, 113 Cal.App. 462, 298 P. 524; Noel v. Noel, 15 N.J.Misc. 576, 193 A. 558, where there were final decrees of divorce with awards of alimony. Note D.C.Code, 1940, § 16—413.

[2] See Cary v. Cary, 112 Conn. 256, 152 A. 302; Traudt v. Traudt, 116 N.J.Eq. 75, 172 A. 749; Nelson v. Nelson, 282 Mo.

412, 221 S.W. 1066. Cf., Harris v. Harris, 197 App.Div. 646, 189 N.Y.S. 215; Gibson v. Gibson, 81 Misc. 508, 143 N.Y.S. 37; Burton v. Burton, 150 App.Div. 790, 135 N.Y.S. 248.

[3] Simonton v. Simonton, 40 Idaho 751, 236 P. 863, 42 A.L.R. 1363; Cox v. Cox, 197 Ga. 260, 29 S.E.2d 83; Simmons v. Simmons, 223 N.C. 841, 28 S.E.2d 489; Gibson v. Gibson, 81 Misc. 508, 143 N.Y. S. 37; Boone v. Boone, 192 Ga. 579, 15 S.E.2d 868.

the relation of husband and wife must continue to subsist, although the parties are separated from each other."

The statutory power[4] which the District Court has to award permanent alimony in the case of a proceeding for a final divorce, whether it be upon original complaint, or upon petition for enlargement of a limited decree, is discretionary with the trial court. For this discretion to be completely and equitably exercised, the court must be apprised, through proper pleading, of all the incidents of the adjudication it is asked to make. Where, as here, the moving party comes before the court asking for a final severance of the bond of matrimony she must be presumed to be requesting the full and complete relief to which she believes herself entitled. There is no question but that here the court in which the final decree of divorce was granted had jurisdiction to determine the question of alimony. In such a situation, we think the better rule to be that the final decree, which admittedly changes the fundamental relationship of the parties, terminates the wife's right to receive alimony under a preceding separation decree predicated on her status as a wife.[5] In asking for a final decree it does not seem to us too much to require that the right to receive alimony be asserted and judged in the light of the new or pending status of the finally divorced parties. This duty is rightly that of the moving party. To hold otherwise would be to impose an intolerable burden on the trial judge. He would in effect be asked to look deep into prior proceedings to insure the litigant against omissions of counsel, or unknowingly, and by operation of law, leave in full force and effect a provision of a prior decree, founded on a different relationship.

Affirmed.

---

[4] D.C.Code, 1940, § 16—411.

[5] See Wagster v. Wagster, 193 Ark. 902, 103 S.W.2d 638, 640.