**Roy H. BORROR, Appellant,**

v.

**The OHIO CASUALTY INSURANCE CO., Inc., a corporation, Appellee.**

**No. 3386.**

District of Columbia Court of Appeals.

Submitted Jan. 6, 1964.

Decided March 30, 1964.

George L. Freeman, Jr., Arlington, Va., for appellant.

James C. Gregg and Hugh Lynch, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Following an automobile accident a complaint was filed by Kissinger against Borror and Yost. They answered and Borror filed a third-party complaint against The Ohio Casualty Insurance Company. The third-party complaint was severed from the main complaint which went to trial, resulting in a judgment for Kissinger against Borror and Yost for $5,000. On appeal we affirmed the judgment on August 1, 1961.[1] For eighteen months thereafter no steps were taken to prosecute the third-party complaint, and the third-party defendant, on February 20, 1963, moved for dismissal for failure to prosecute. In opposition Borror filed an affidavit stating that in the main action and in the third-party complaint he had been represented by Eugene Ditto; that eight months previous he had conferred with Mr. Ditto regarding the case and Mr. Ditto informed him he had been ill but would complete the case; that around the end of February 1963 (apparently after the motion to dismiss was filed) he learned that Mr. Ditto was dead. The record shows that Mr. Ditto had died on June 16, 1962.

The motion to dismiss for failure to prosecute was granted on March 15, 1963.

Notice of appeal from that order was filed on March 25. On April 2 the notice of appeal was voluntarily dismissed and on the same day a motion was filed seeking a nunc pro tunc order amending the order of dismissal to indicate that the dismissal was without prejudice. Before that motion was acted upon another motion was filed seeking relief from the order of dismissal under the trial court's Rule 60(b). Both motions were denied on July 23 and this appeal assigns as error the denial of the motion for relief from the order of dismissal.

 The motion for relief under Rule 60(b) from the order of dismissal presented no grounds other than those relied upon in opposing the order of dismissal. The facts before the court in each instance were the illness and subsequent death of Mr. Ditto, appellant's original counsel. It is true that an affidavit accompanying the motion for relief stated the facts in more detail, but the essential facts remain the same. The motion under Rule 60(b) could not assert that the order of dismissal was entered through inadvertence, surprise or neglect, because that order was entered only after notice and hearing. The motion for relief was simply an attempt to reargue the motion to dismiss. When the order of dismissal was entered appellant could have appealed (and he did file notice of appeal) and presented on that appeal all the questions now presented. Rule 60(b) cannot be used as a means of extending the time for appeal. As was said in Friedman v. Wilson Freight Forwarding Company, 3 Cir., 320 F.2d 244, 247 (1963): "On the record, therefore, we have inexcusable failure to raise an available contention by direct appeal followed by an attempt to litigate the matter later by a motion for post-judgment relief under Rule 60(b). This is not a proper use of Rule 60(b)."[2]

Appeal dismissed.

1. Borror v. Kissinger, D.C.Mun.App., 173 A.2d 223.

2. See also, Gilmore v. Hinman, 89 U.S.App. D.C. 165, 191 F.2d 652 (1951).