Clayton T. **JACKSON**, Appellant,

v.

Florence T. **JACKSON**, Appellee.

No. 3400.

District of Columbia Court of Appeals.

Argued Feb. 3, 1964.

Decided May 14, 1964.

Arthur L. Willcher, Washington, D. C., for appellant.

Albert N. Lobl, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge

Appellant husband and appellee wife were married in the District of Columbia in 1939 and thereafter established a home in Maryland. In 1956 the husband left his wife and three children and moved to the District of Columbia. In 1958 the wife, who was still residing in Maryland with the children, brought an action in the District of Columbia for separate maintenance and custody of the children. On December 4, 1958, the wife obtained a judgment for separate maintenance for herself and the children of $80 monthly, and the husband was also required to make monthly payments on the family home. No appeal was taken from that judgment.

In 1961 the husband, who had continued to live in the District, went to Maryland and brought an action there against the wife for an absolute divorce on the ground of adultery. She was personally served with process, but made no appearance and on August 3, 1961, he was granted a divorce. The divorce decree contained no provision for alimony to the wife, but granted custody of the youngest of the children to the husband. The oldest child was then twenty-one years of age and the second child was nineteen years of age.

In May 1962 the wife filed a motion in the District of Columbia proceeding to hold the husband in contempt for failure to make maintenance payments and the payments on the home. In turn, the husband moved to "dismiss" the 1958 judgment for maintenance because of the subsequent judgment for divorce.

After a hearing the trial court on October 3, 1962, found the husband in contempt for failure to pay arrearages of maintenance and ordered him to pay future maintenance for the wife and youngest child and for the second child until he became twenty-one years of age; and the court denied the husband's motion to dismiss. Seven days later the wife moved for further relief. This motion was directed at the court's failure to order payment by the husband of arrearages on the house payments. No hearing or action was taken on this motion and while it remained pending the husband, through new counsel, moved on February 7, 1963, to vacate the judgment of October 3, 1962, and to enjoin enforcement of it. The basis of this motion was the Maryland divorce decree. The motion was denied and this appeal followed.

■ A primary question is raised by the wife as to the timeliness of the appeal. It is our opinion that the wife, by filing the motion for further relief, prevented the judgment of October 3, 1962, from becoming final and that the husband's motion of February 7, 1963, was timely filed; and the judgment of October 3, 1962, did not become final and appealable until the order of July 29, 1963, denying the husband's motion to vacate. Thus the appeal was timely.

On this appeal the husband contends that after he was divorced in Maryland he could no longer be required in the District of Columbia, or elsewhere, to pay separate maintenance to his wife. The wife contends that under the "divisible divorce" doctrine, as enunciated by the Supreme Court [1] and adopted in this jurisdiction,[2] the Maryland divorce had no effect on the District of Columbia maintenance decree.

■ The "divisible divorce" doctrine is restricted in its application to ex parte foreign divorces.[3] Contrary to the wife's as-

---

1. Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948).

2. Hopson v. Hopson, 95 U.S.App.D.C. 285, 221 F.2d 839 (1955).

3. Lynn v. Lynn, 302 N.Y. 193, 97 N.E.2d 748, 28 A.L.R.2d 1335 (1951), cert. denied 342 U.S. 849, 72 S.Ct. 72, 96 L.Ed. 640.

sertion, the divorce proceeding here involved was not ex parte. The action was brought in the domiciliary State of the wife and she was personally served with process. Her failure to defend did not make the action ex parte. The proof may have been ex parte but the action was not.[4]

■ Having jurisdiction over the domicile of the wife, jurisdiction over her through personal service, and jurisdiction over the husband through voluntary appearance, the Maryland Court had all necessary jurisdiction to render a judgment of divorce binding both parties, and such judgment is entitled to full faith and credit in the District of Columbia.[5]

■ As the Maryland decree of divorce provided for no alimony and did not reserve the power to thereafter grant alimony, the effect of the decree was to relieve the husband of the obligation to support his wife.[6] When, by the husband's motion to vacate of February 7, 1963, the Maryland divorce decree was brought to the attention of the District of Columbia court, the husband was entitled to be relieved from payment of all future maintenance, although he was bound to pay any arrearage of maintenance then due.[7]

■ Of course, the divorce decree did not relieve the husband from supporting his minor children. The oldest child having passed the age of twenty-one years was, as the trial court recognized, no longer entitled to support from his father. The second child at the time of the hearing was twenty years of age and had married, and likewise

was no longer entitled to support from his father.[8] With respect to the youngest child, it appears that the Maryland court awarded custody to the father, but apparently actual custody remains with the mother. If this is correct the father should be required to continue support for this child.

Reversed and remanded for further proceedings in accordance with this opinion.

4. "By an *ex parte* proceeding, we mean, of course, one in which there had been neither personal service of process nor voluntary appearance or participation by the spouse sued." Hopson v. Hopson, 95 U.S.App.D.C. 285, 287, n. 4, 221 F.2d 839, 842, n. 4 (1955).

5. Sherrer v. Sherrer, 334 U.S. 343, 68 S. Ct. 1087, 92 L.Ed. 1429 (1948); Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L. Ed. 146 (1951); Fletcher v. Fletcher, D. C.Mun.App., 134 A.2d 590 (1957).

6. Marshall v. Marshall, 162 Md. 116, 159 A. 260, 83 A.L.R. 1237 (1932); Buehler v. Buehler, 229 Md. 317, 182 A.2d 877 (1962).

7. Bloedorn v. Bloedorn, 64 App.D.C. 199, 76 F.2d 812 (1935), certiorari denied 295 U.S. 746, 55 S.Ct. 658, 79 L.Ed. 1691.

8. Davis v. Davis, 68 App.D.C. 240, 96 F. 2d 512, reversed on other grounds, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938). See also, 39 Am.Jur., Parent and Child § 65; 67 C.J.S. Parent and Child § 89.