**MEYERS & BATZELL, Appellant,**

v.

**Mohammad Rahim MOEZIE, Appellee.**

**No. 3628.**

District of Columbia Court of Appeals.

Argued Feb. 1, 1965.

Decided March 31, 1965.

tion against appellee to recover the value of the services rendered to the wife in the divorce proceedings. Appellee's motion to dismiss was granted and this appeal was taken from the order dismissing the complaint.

The principal question raised by this appeal is whether a husband is liable, in an independent action at law, for counsel fees incurred by his wife in the defense of divorce proceedings which have abated because of the wife's death.[1] Although the weight of authority in the United States holds that the husband is not liable,[2] appellant contends that under the common law of the District of Columbia, as enunciated by the courts of Maryland, such expenses are necessaries for which the husband is responsible.

Appellant relies upon two Maryland cases as establishing the common law rule in the District of Columbia, McCurley v. Stockbridge, 62 Md. 422 (1884), and Weiss v. Melnicove, 218 Md. 571, 147 A.2d 763 (1959). We do not find these cases to be controlling, however, since the matrimonial actions therein were for limited divorce and separation, and did not involve attempts to destroy the bonds of matrimony. The wives' expenses were necessaries required to ensure their support and well-being as wives, not to provide for their future condition as single women. The New York case of Naumer v. Gray, 28 App.Div. 529, 51 N.Y.S. 222 (1898), also cited by appellant as supporting its contention, recognized the distinction between the types of actions and stated at page 225:

> "From this review of the cases in which the liability of the husband for services rendered to the wife in matrimonial actions has been denied, it will be seen that they were cases of *absolute divorce*, and that the decisions in all of

Edwin Jason Dryer, Washington, D. C., argued for appellant. Tilford A. Jones, Washington, D. C., was on the brief for appellant.

Cyrus A. Ansary, Washington, D. C., with whom Gant Redmon, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant represented appellee's wife in divorce proceedings which were instituted by appellee on the ground of five years' voluntary separation. In that action the wife answered her husband's complaint and counterclaimed for divorce on the ground of desertion. She later filed a motion for temporary alimony, including counsel fees, but before any action had been taken on the motion, she died and the divorce proceedings abated. Appellant instituted this ac-

---

1. The Domestic Relations Branch of the court lost its power to award counsel fees when the divorce action abated. Bailey v. Scott, 57 App.D.C. 142, 18 F.2d 184 (1927); Fitzgerald v. Williams, D.C.Mun.App., 170 A.2d 777 (1961).

2. 25 A.L.R. 354; 42 A.L.R. 315.

them * * * proceed on the ground that the purpose of the actions is to dissolve the marital relationship, and not to protect or support the wife in her condition as such, which ground is wholly inapplicable to an action brought for a separation. * * *" (Emphasis supplied.)

◼ It is clear that the rule of the Mc-Curley and Weiss cases is not applicable to the present case, since we are now concerned with a claim for the value of legal services rendered in a suit for absolute divorce. We must therefore decide the question raised by this appeal for the first time. Most jurisdictions which have considered the question have decided that counsel fees incurred in divorce actions are not necessaries, Kincheloe v. Merriman, 54 Ark. 557, 16 S.W. 578, 26 Am.St.Rep. 60 (1891); Shelton v. Pendleton, 18 Conn. 417 (1847); Morrison v. Holt, 42 N.H. 478, 80 Am.Dec. 120 (1861); Sears v. Swenson, 22 S.D. 74, 115 N.W. 519 (1908); Zent v. Sullivan, 47 Wash. 315, 91 P. 1088, 13 L. R.A.,N.S., 244, 15 Ann.Cas. 19 (1907); Clarke v. Burke, 65 Wis. 359, 27 N.W. 22, 56 Am.Rep. 631 (1886), even when the wife is the defendant in the action. Cooke v. Newell, 40 Conn. 596 (1874); Ray v. Adden, 50 N.H. 82, 9 Am.Rep. 175 (1870); Wing v. Hurlburt, 15 Vt. 607, 40 Am.Dec. 695 (1843). We agree with these decisions. The expenses incurred by a wife in the defense of a divorce suit are not necessary incidents of the marital state for which the husband is liable, especially where, as here, the wife counterclaims for divorce and opposes the husband's motions for dismissal.

◼ Congress has provided that the divorce court may award counsel fees to the wife "[d]uring the pendency of a suit for divorce." Code 1961, § 16–410, as amended, § 16–911 (Supp. IV, 1965). Many states have similar provisions and in almost all of them it has been decided that the statute provides the exclusive remedy.

As the Supreme Court of Oklahoma stated in the case of Rogers v. Daniel, 92 Okl. 47, 217 P. 881, 883 (1923):

"In those states where the question has arisen under legislative enactments intended to express clearly a legislative intent in derogation of the common law, a remarkable uniformity of judicial expression is found. In Maine, Illinois, Wisconsin, South Dakota, Washington, Iowa, Missouri, and Arkansas, where this exact question has arisen under statutes of those states it has been held that an independent action against the husband cannot be maintained. [Citations omitted.] * * * So it may be fairly said that in those jurisdictions where the question has arisen upon the express language of statutory enactments the courts have uniformly held that the recovery of attorneys' fees is ancillary to the divorce action, and that an independent action therefore against the husband cannot be maintained."

We believe that Congress intended to provide an exclusive means for compelling the husband to pay the wife's counsel fees when it passed Code Section 16–410. Only under the statute does a court have power to grant such fees, wholly or partially, or to deny them completely. The congressional intent to have the equities of each case considered would be frustrated if actions such as this were permitted. We hold that a husband can be held liable for the legal expenses incurred by his wife in a divorce action only if the divorce court so orders during the pendency of the action.

◼ Appellant contends that appellee is estopped to deny his obligation to pay his wife's counsel fees. Since appellant has no legal standing on which to pursue this action, the claim is without merit. In any event, even if we found that appellee had admitted his liability for counsel fees in the divorce action, no rights would have been created thereby, since the divorce court still

would have had the power to deny the award of such fees. We find no reversible error in appellant's other contentions. Accordingly, the trial court's order dismissing the complaint for failure to state a cause of action is

Affirmed.