## Commonwealth v. Barnhart

*Oscar F. Spicer*, District Attorney, for Commonwealth.

MacPhail, P. J., July 8, 1970.—In this case, defendant has filed a petition to terminate an order of support. The present order is for the support of defendant's son only. Defendant alleges in his petition that because his son was married, he is no longer liable for his son's support.

At the present time, defendant is under an order to support his son, even though the son is 22 years of

age, because the son was attending college. The son has now graduated from college and, at the very least, defendant would be entitled to have the order terminated as of June 13, 1970, the date of graduation.

The issue before the court is whether defendant is entitled to relief as of the date of his son's marriage, which is February 8, 1969.

In Commonwealth v. Moore, 34 Northumb. 7 (1962), it was held that the marriage of a minor male child was an act of emancipation and terminated the father's duty to support that child. No appellate cases in Pennsylvania have been found on this precise question. The Northumberland County decision was reached largely on the authority set forth in 39 Am. Jur., Parent and Child, §65, p. 706. Other jurisdictions are in accord with that authority: Jackson v. Jackson, 200 A. 2d 380 (1964) (District of Columbia Ct. of Appeals), and Church v. Hancock, 261 N.C. 764, 136 S. E. 2d 81 (1964). The rationale of the reported cases is that since the parent is no longer entitled to the services and society of his child after the child's marriage, neither should the parent be obligated to furnish support.

We are satisfied that the conclusion reached in the cases cited herein is based upon sound reason and, therefore, we concur therewith.

In the instant case, it must also be noted that defendant's obligation to support a child in college is not an absolute one: Commonwealth ex rel. Ulmer v. Sommerville, 200 Pa. Superior Ct. 640 (1963).

Under all the circumstances in this case, defendant is entitled to the relief he seeks. However, since defendant's payments to the support office have already been disbursed to the prosecutrix up to the period ending August 30, 1969 and since defendant's petition seeks relief only since August of 1969, we will enter the following order:

## ORDER

And now, July 8, 1970, the within order is terminated as of August 30, 1969. Costs of this proceeding to be paid by defendant.