**Donna D. HARRIS, Appellant,**

v.

**J. Francis HARRIS, III, Appellee.**

**No. 6828.**

District of Columbia Court of Appeals.

Argued April 5, 1973.

Decided May 11, 1973.

Leonard I. Rosenberg, Washington, D. C., appointed by this court, for appellant.

Charles H. Mayer, Washington, D. C., for appellee.

Before FICKLING, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This is an apeal from the trial court's denial of a motion filed under Super.Ct.Civ. R. 60(b)(6) [1] on April 27, 1972, for relief from a judgment entered in case number D2472–70 on April 27, 1971. In that judgment, the trial court in denying a divorce to the wife had ruled that as a result of her refusal to accept the appellee's offer to resume cohabitation at the marital domicile, the appellee owed no duty of support and maintenance to the wife, appellant herein.

Appellant apparently concluded that it became necessary to reopen that case (D2472–70) when the trial court in a later suit between the same parties (D1059–71, wherein the husband was awarded a divorce for desertion) ruled that the question of a money judgment in favor of the wife for medical bills and related expenses was res judicata, as a result of the earlier judgment herein.

Since appellant is desirous of pursuing her efforts to obtain a money judgment against her former husband in the suit now pending in the trial court, she has resorted to Super.Ct.Civ.R. 60(b)(6) for relief. The motion was filed one year after judgment was entered and approximately ten months after the time for noting an appeal had expired.

We know of no precedent indicating that Super.Ct.Civ.R. 60(b)(6) was ever intended to offer a litigant relief from this court's requirement as to the time within which an appeal must be noted.

In seeking relief from the judgment of April 27, 1971, under rule 60(b)(6), appellant in reality is seeking to obtain a reversal thereof and resorts to rule 60 because her time for noting an appeal has long since expired. Rule 60 was never intended to play such a role in the appellate process.

Rule 4(II)(a)(1) of this court requires that a notice of an appeal in a civil case be filed within thirty days after entry of the judgment or order from which the appeal is taken. Upon a showing of excusable neglect, which appellant asserts here, the Superior Court may extend the time for filing a notice of appeal "for a period not to exceed thirty days" as provided in rule 4 (II)(a)(4) of this court. Such an extension would have expired on June 27, 1972.

In Beach v. District of Columbia, D.C. Mun.App., 44 A.2d 926, 927 (1945), this court said:

> Our conclusion is that the rules of this court, in accordance with existing civil and criminal practice in the federal courts and conforming to the long-established practice in this jurisdiction, make the filing of the notice of appeal jurisdictional; and unless such notice is timely filed, we have no power to extend the time or to review the case. [Footnotes omitted.]

Appellant claims that she advised her lawyer she was anxious to have a timely appeal noted from the April 1971 judgment, but that her then attorney refused to act unless a "large retainer fee" was paid in advance. The "retainer" could have been sought for representation in the new divorce action filed by her husband. Since her former lawyer is not involved in this litigation, we do not know his version of this disagreement. In any event an appeal was not noted from the judgment now in

1. Identical to Fed.R.Civ.P. 60(b)(6).

issue. Appellant asserts she did not know how she could take an appeal without the advance payment of the attorney fee. However much we sympathize with her plight, assuming her allegations are true, there must be a definite point in time when litigation comes to an end else the finality of judgments may remain open to question.

In a case posing a similar issue to the one raised by appellant, we held and we reiterate it here that "[r]ule 60(b) cannot be used as a means of extending the time for appeal." Borror v. Ohio Casualty Insurance Co., D.C.App., 198 A.2d 909, 910 (1964).

Whether or not appellant may have a remedy against her previous counsel for allegedly refusing to note an appeal while he remained counsel of record we do not reach here.[2]

Affirmed.

---

2. We are constrained to observe, however, that counsel's motion to withdraw from the two cases was not filed until July 1, 1971, after the time had expired for noting an appeal from the adverse judgment of April 27, 1971. We do not know if counsel considered an appeal to be without merit, but his withdrawal motion might indicate that an appeal was not noted because of the client's financial inability to proceed. For an interesting treatment of this problem see Virginia Bar News, Vol. 21, No. 4, January-February 1973, "Withholding Services Until Fee is Paid", concerning which we express no opinion at this time.