COLBERT REFRIGERATION CO., INC.,
Appellant,

v.

Dolly EDWARDS, Administratrix of the
Estate of Everette P. Edwards,
Appellee.

No. 9267.

District of Columbia Court of Appeals.

Submitted Jan. 16, 1976.

Decided April 8, 1976.

Frank J. Martell, Washington, D.C., for appellant.

Wilbur W. Sewell, Washington, D.C., for appellee.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge.

The principal question raised by this appeal is whether the motions division of the trial court had authority to reinstate appellee's action for wrongful death after it had been dismissed with prejudice eight months earlier. We conclude it did not and reverse.

Appellee filed her complaint for the wrongful death of her husband in October 1972. When the case came up for trial on February 6, 1974, her counsel announced he was not prepared to go to trial and moved for a continuance. The court interrogated counsel at some length concerning the reasons for his request. Counsel explained that plaintiff could not be present because she had taken her mother to the hospital early that morning, but he conceded later that plaintiff was not an essential witness and that in fact there were no witnesses to the accident. In answering a question put by the court as to how he would prove liability, counsel relied on the circumstances of the accident apparent upon a post-accident examination indicating that deceased's car had hit the guard rail off the right side of the road and then struck the rear of appellant's truck parked on the shoulder.

When the court pressed him further for other reasons for his lack of preparedness, counsel replied: "Well, I have no other reason—the reason is that I have no witnesses here today; I'm not prepared." Although counsel failed to identify any potential witness, the court offered to give him until after lunch but counsel replied he didn't see how he could be ready to go forward at that time. Accordingly the case was dismissed with prejudice. Appellee did not appeal that disposition of the case.

■ The order of dismissal for failure to prosecute was "with prejudice" and op-

erated as an adjudication of the issues on the merits. Super.Ct.Civ.R. 41(b); *Mondakota Gas Co. v. Reed,* 244 F.Supp. 327 (D.Mont.1965); *Lucas v. City of Juneau,* 17 Alaska 75, 20 F.R.D. 407, 410 (D.Alaska 1957). It was a final judgment and lacking a timely appeal became the law of the case. 1B J. Moore, Federal Practice ¶ 0.404[1] (2d ed. 1974).

■ On November 4, 1974, appellee filed a motion "to revive and reinstate" the cause of action alleging in her accompanying affidavit that her failure to prosecute had been due to illness and financial hardship. The movant contended that the motion could be granted by virtue of the inherent power of the court. An opposition was filed based on the finality of the earlier disposition, the statute of limitations, more than one year having elapsed, and the contention that appellee's motion contained nothing to bring it within Super.Ct. Civ.R. 60(b). The motion came before a different judge than the one who had disposed of the motion to dismiss.[1] The judgment was set aside and a new trial was granted without any allegation or determination that appellee could present even a prima facie case.

■ If the motions judge had jurisdiction and authority to enter the order vacating the dismissal with prejudice, then this court is without jurisdiction as such an order is interlocutory in nature similar to an order vacating a default judgment and granting a new trial. *Royal Credit Co. v. Mas Marques,* D.C.App., 222 A.2d 70 (1966); 7 J. Moore, Federal Practice, *supra* at ¶ 60.30[3]. However, it would be a needless exercise to go forward with a trial and a waste of judicial time and money if the trial court was without authority to reinstate the complaint on the basis of the motion before it.

---

1. It is more logical for a rule 60(b) motion to be assigned to the judge who originally handled the case as was done in *Ohio Valley*

*Construction Co. v. Dew,* D.C.App., 518 A.2d 354 (1976).

Many years ago the Supreme Court observed:

The vacating of a judgment and granting a new trial, in the exercise of an acknowledged jurisdiction, leaves no judgment in force to be reviewed. If, on the other hand, the order made was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court. . . . [*Phillips v. Negley*, 117 U.S. 665, 671–72, 6 S.Ct. 901, 903, 29 L.Ed. 1013, 1014 (1886).]

Similarly, the Court of Appeals for the Second Circuit has held that "if the [trial court] assumes jurisdiction and power to act under that rule [60(b)] where neither exists, an appeal will lie from its order vacating the original order" of dismissal. *Rinieri v. News Syndicate Co.,* 385 F.2d 818, 821 (2d Cir. 1967). The Fifth Circuit has also accepted jurisdiction of an appeal under comparable circumstances. *Hand v. United States,* 441 F.2d 529, 530 n. 1 (5th Cir. 1971). This court likewise has said of an order vacating a default judgment under rule 60(b) that: "Where, however, a court vacates a judgment after the time within which it has power to do so, the proceeding is beyond the jurisdiction of the court and is subject to appellate review." *Brenner v. Williams,* D.C.App., 190 A.2d 263, 264 (1963) (footnote omitted); *Harco, Inc. v. Greenville Steel & Foundry Co.,* D.C.Mun.App., 112 A.2d 920 (1955). *See also Hand v. United States, supra; Nelson v. Meehan,* 155 F. 1 (9th Cir. 1907).

Accordingly we proceed to determine if the allegations in the motion were adequate to invoke rule 60(b) [2] so as to provide the court with authority to vacate the judgment of dismissal and reinstate the complaint.

In a case in Maryland where it was held that an order vacating an order of *non pros* in a tort action was appealable, the court observed that the statute of limitations having run, the defendant's interest in the finality of his judgment is such that a court should not reopen the case [3] except on a showing of a meritorious cause of action [4] together with proof of one of the elements in the rule permitting a vacating of the judgment. *Williams v. Snyder,* 221 Md. 262, 155 A.2d 904, 908 (Md.1959).

 We believe that those standards would provide a reasonable basis for invoking rule 60(b) but neither showing was made here. Furthermore, there is ample authority for the proposition that whether there was excusable neglect is a fact question under rule 60(b) which must be established by evidence. *Hines v. Seaboard Airline R. Co.,* 341 F.2d 229 (2d Cir. 1965); *Willette v. Umhoeffer,* 245 A.2d 540, 542 (Me.1968); *Cousins v. Hooper,* 224 A.2d 836, 840 (Me.1966). Regarding the establishing of an entitlement to relief by a defendant under rule 60(b)(6) we have said in this jurisdiction: "Except in the case of a void judgment, it is always essential that one moving to vacate a default judgment present at least a prima facie defense to the action." *Hantman v. Zeiger,* D.C. Mun.App., 135 A.2d 650, 652 (1957) (footnotes omitted). There is no indication in this record, however, that when the motion came before the motions judge he required any proof from the appellee to support the allegations in the motion other than her

---

2. The rule reads in relevant part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

3. *Cf. Elmo Division of Drive-X Co. v. Dixon,* 121 U.S.App.D.C. 113, 348 F.2d 342 (1965).

4. *See also Kaffitz v. Clawson,* 134 N.J. 494, 36 A.2d 215 (N.J.1944); *Robertson v. Robertson,* 255 N.C. 581, 122 S.E.2d 385 (N.C.1961).

rather meager affidavit, nor was any proffer made to indicate the movant could produce at least a prima facie case.[5] A verbatim record of that proceeding is not before us. All we know is that the motions judge entered a brief order November 27 granting the motion without making findings or stating reasons. There is no suggestion that the vacating court had any new information which bore upon the propriety of the earlier dismissal that was not available or that should not have been presented to the trial court prior to the dismissal. It seems clear that if appellee had financial problems that inhibited her ability to go forward with the trial that information should have been presented to the trial court on the motion for continuance and now must be presumed to have been considered at that time. Information that obviously could have been available at the first hearing cannot form the foundation for a rule 60(b) motion as newly developed information. In this regard, counsel had specifically advised the trial court that he had no other reasons to support his motion for a continuance other than that he was not prepared and had no witnesses. However, in a case where the plaintiff had been financially unable to appeal the dismissal of her suit, a federal court refused to grant relief later under rule 60(b)(6) stating: "The mere allegation of lack of financial means, by itself, does not justify the opening of a judgment under Rule 60(b)(6), where the party had failed to appeal the prior adjudication." *Loucke v. United States,* 21 F.R.D. 305, 308 (E.D.

Pa.1957). *See also Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). The reopening of the case here being based on grounds that were merged in the order of dismissal amounted to a reversal of the judgment dismissing the complaint. Rule 60(b), of course, cannot be used as a substitute for appeal. *Rinieri v. News Syndicate Co., supra; Williams v. Snyder, supra;* 7 J. Moore, Federal Practice, *supra* at ¶ 60.30[1].

■ We conclude that the affidavit did not justify action under Super.Ct.Civ.R. 60(b) as it did not set forth any newly acquired information or allegations that fall within the requirements and purpose of the rule.[6] Appellee's financial inability to proceed on the trial date was not newly developed information when it was set forth in appellee's affidavit. The only information alleged that was not merged in the dismissal order was that the movant is now financially able to go forward. No new facts relating to "mistake, inadvertence, surprise, excusable neglect", or any other reason justifying relief are alleged to warrant consideration under rule 60(b)(1) or (6). The order of dismissal was the law of the case and the motions court had nothing before it to empower it to set aside that judgment. This would not be remedied by a mere labeling of the motion "rule 60(b)". *Rinieri v. News Syndicate Co., supra.*

*Reversed.*

---

5. In answers to interrogatories propounded pretrial, the appellant stated: "No witnesses to the accident are known to defendant or its counsel."

6. *Cf. Calvert Credit Corp. v. Foster,* D.C.App., 252 A.2d 521 (1969).