Jeff Alexander SMITH, Appellant,

v.

Margaret Mahoney SMITH, Appellee.

No. 80-1268.

District of Columbia Court of Appeals.

Argued Dec. 7, 1981.

Decided May 24, 1982.

---

Jeff Alexander Smith, pro se.

Jeffrey M. Sherman, Washington, D. C., with whom George F. Bason, Jr., Washington, D. C. was on the brief, for appellee.

Charles H. Mayer, Washington, D. C., appointed by the court, amicus curiae.

Before KELLY and PRYOR, Associate Judges, and PAIR, Associate Judge, Retired.

KELLY, Associate Judge:

Appellant challenges the Family Division's order entered October 24, 1980, awarding additional counsel fees and releasing to appellee's counsel funds paid into the registry of the court pursuant to previous court orders in this case. Finding no abuse of discretion in the amount awarded, we affirm.

I

This case has had a tortuous history. It began on February 20, 1974, when appellee (plaintiff-wife) was granted a limited divorce by the Family Division of the Superior Court. Appellant (defendant-husband) was ordered to (1) pay appellee $50 per month for her separate maintenance and support, and (2) reimburse her for any money she might be required to pay in discharge of joint and several obligations, such as loans, incurred during the marriage. In addition, appellant was ordered to pay $1,200 for appellee's counsel fees.

On May 10, 1974, the court found that appellant had failed to make any of the required support payments or to pay any counsel fees, and held him in contempt. He was, however, allowed to purge himself of the contempt citation by complying with a new arrangement for the payment of alimony and counsel fees.

On January 3, 1976, on motion of both parties, the Family Division enlarged the limited decree into an absolute divorce. The court awarded appellee additional counsel fees but denied her alimony. This judgment omitted any mention of the provision of the limited divorce decree requiring appellant to reimburse appellee for any amounts she might have to pay to discharge joint and several obligations incurred during the marriage.

More than two years later, appellee filed a motion in Superior Court to "Reduce Arrearages to Final Judgment, to Correct or Modify Judgment, and for Additional Counsel Fees." She claimed an unpaid balance of attorney's fees of $865, reimbursement in the amount of $1,359.67 for judgments entered against her on account of consumer loans obtained before the divorce, plus an additional $250 in attorney's fees for the work performed on the motion. Appellant opposed the motion on the ground that the judgment of absolute divorce was a final judgment which superseded all earlier orders and judgments except for any balances due for unpaid support or attorney's fees. The court held a hearing on appellant's motion on June 28, 1978. Appellee filed a supplemental memorandum wherein she took the position *inter alia* that she was entitled to reimbursement since the failure to incorporate into the 1976 judgment of absolute divorce the provision of the limited divorce decree requiring appellant to reimburse her for payments made in discharge of joint and several obligations was the result of an oversight which could be corrected by the court at any time under Rule 60(a). *See* Super.Ct.Dom.Rel.R. 60(a).

On November 15, 1978, the court entered a judgment order granting appellee a judgment for the $865 of unpaid attorney's fees and for $1,359.67 from appellant for reimbursement of the outstanding consumer loan judgments rendered against her; at the same time, the court found that the necessity of appellant's motion arose out of her own oversight in not bringing up the loan obligations at the hearing on the absolute divorce motion, and therefore denied any further counsel fees. Neither party appealed.[1]

Appellee and her counsel had great difficulty, to say the least, in collecting the money awarded her in the November 15 judgment order. For example, appellant tried unsuccessfully to discharge his obligations to appellee by filing for bankruptcy. The bankruptcy court determined, however, that the Superior Court's order obliging appellant to reimburse appellee for the loan payments, and to pay counsel fees awarded appellee, was, in effect, alimony and therefore nondischargeable in bankruptcy. *Mahoney v. Smith (In re Smith)*, 3 B.R. 224, 230–32 (Bkrtcy.E.D.Va.1980).

Thereafter, appellee's counsel filed in Superior Court a motion to release funds from the registry of the court, to pay the funds directly to him rather than to appellee, and for the award of additional attorney's fees arising out of his considerable efforts on behalf of appellee to collect on the earlier judgments. The total amount requested was $5,774.84. Appellant opposed the motion, and the matter was heard before the Honorable Henry H. Kennedy, Jr. On October 24, 1980, the court found that appellee was entitled to additional attorney's fees because appellant's failure to satisfy the earlier judgments had forced appellee's counsel to expend unnecessary time and resources in attempts to secure compliance. The court, however, refused to award the entire amount of attorney's fees requested;

---

1. In his *pro se* brief, appellant challenges the validity of the November 15, 1978 judgment. Since no appeal was taken from that judgment, appellant is precluded from contesting it now, several years later. We note that when appellant was represented by counsel, his attorney conceded that he could not challenge the court's order since appellant failed to appeal.

after reviewing the bill submitted by appellee's counsel, the court awarded additional attorney's fees of $3,850. The court further ordered that the funds in the registry of the court, which had been paid in by garnishee Office of Personnel Management of the United States Government,[2] be disbursed to appellee's counsel. This appeal followed.

## II

Appellant contends that the court erred in its October 24 order awarding additional counsel fees and releasing funds paid into the court registry pursuant to previous orders in this case. We disagree.

 The Family Division has authority to award counsel fees "during the pendency of an action for divorce." D.C.Code 1981, § 16–911(a)(1). After a decree of divorce in any case granting alimony and support, the case shall still be considered open for any future orders relating to those matters. *See* D.C.Code 1981, § 16–914; *Junghans v. Junghans*, 72 App.D.C. 129, 130, 112 F.2d 212, 213 (1940). An order for the payment of counsel fees is an "order relating to those matters." *Id.*[3] The court can therefore award attorney's fees which result from the time spent attempting to collect alimony after alimony has been granted.

 The November 15, 1978 judgment required appellant to reimburse appellee for money she paid in order to discharge joint and several obligations. We agree with the bankruptcy court's thoughtful determination that such an obligation on appellant's part was alimony.[4] *See Mahoney v. Smith (In re Smith), supra.* It follows that the court, in its October 24 order, had authority to award additional counsel fees, the need for which arose out of appellant's failure to comply with the court's previous orders. *See Junghans v. Junghans, supra.*

 We must now consider whether the trial court erred in awarding $3,850 in additional attorney's fees to appellee's counsel. Our scope of review is a limited one as the amount of attorney's fees awarded is committed to the sound discretion of the trial court. *Nelson v. Nelson*, D.C.App., 379 A.2d 713, 716 (1977); *Finch v. Finch*, D.C. App., 378 A.2d 1092, 1094 (1977). As we recently stated in *Darling v. Darling*, D.C. App., 444 A.2d 20, 23 (1982):

> Among the requirements courts have set out in order that collateral estoppel may apply are the following. The issue to be concluded must be the same as that involved in the prior action. In the prior action, the issue must have been raised and litigated, and actually adjudged. The issue must have been material and relevant to the disposition of the prior action. The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. [1B Moore's Federal Practice ¶ 0.443[1], at 3901 (2d ed. 1980).]

Here, each of the elements of collateral estoppel is satisfied: appellant raises the issue of the nature of appellant's obligation—the same one he raised in the bankruptcy proceeding; that issue was litigated, and the bankruptcy court actually adjudged that it constituted alimony. Moreover, the court's determination clearly was material and relevant to the disposition of the bankruptcy action. Finally, the bankruptcy court's conclusion that appellant's obligation was in the nature of alimony was essential to its resulting judgment that his obligation could not be discharged in bankruptcy.

---

**2.** Appellant received a civil service annuity which had been garnished in order to pay the judgments entered against him. The Office of Personnel Management made only a few payments into the registry of the court before it was instructed by appellant's then attorney to discontinue to do so. It has continued to deduct, and hold, the funds from appellant's annuity.

**3.** D.C.Code 1901, § 14–73, an almost identical statutory provision, was in effect when *Junghans* was decided. It stated in pertinent part: "... after a decree of divorce in any case granting alimony ... the case shall still be considered open for any future orders *in those respects.*" (Emphasis supplied.) In *Junghans, supra,* the court concluded that the award of counsel fees several years after the decree of divorce was justified since the payment of counsel fees "is an order in those respects." *Id.* at 130, 112 F.2d at 213. We construe the words "in those respects" and "relating to those matters" to have the same meaning.

**4.** Moreover, we note that appellant is collaterally estopped from challenging the bankruptcy court's determination that the obligation was alimony.

[I]t would require an extremely strong showing to convince this court that an award is so arbitrary as to constitute an abuse of discretion. Certainly the trial court is not bound by any mathematical computation of time consumed multiplied by some hourly rate. Consideration should be given to many factors, including the quality and nature of the services performed, the necessity for such services, the results obtained from the services, and the husband's ability to pay. [Quoting *Ritz v. Ritz*, D.C.App., 197 A.2d 155, 156–57 (1964) (construing D.C.Code 1961, § 16–410, predecessor statute to D.C.Code 1978 Supp., § 16–910).]

It is apparent from the face of the October 24 order that the court carefully considered all of the necessary factors in determining the amount of the award. Moreover, the court did not merely rubber stamp the bill submitted by appellee's counsel; the court refused to award almost one-third of the amount requested because in its view not all of the charges were justified. Therefore, we cannot say that the amount awarded was an abuse of discretion.

Appellant also argues that the court should not have ordered that the funds in the court registry be paid directly to appellee's counsel. We find this contention to be without merit.

*Affirmed.*

PAIR, Associate Judge, Retired, dissenting:

The only issue of substance in this case is whether, subsequent to the judgment of absolute divorce on January 3, 1976, the Family Division retained jurisdiction to adjudicate (1) the claim of appellee (wife) against appellant (husband) involving joint and several obligations of the parties incurred during their marriage, and (2) the claim of appellee against appellant for additional counsel fees.[1] After reviewing the record and the controlling law in this jurisdiction, I am satisfied that a negative answer is compelled.

By D.C.Code 1981, as recodified most recently, it is provided:

§ 16–914. Retention of jurisdiction as to alimony and custody of children.

(a) After the issuance of a decree of divorce granting alimony and providing for the care and custody of children, the case shall be considered open for *any future orders relating to those matters* . . . . [Emphasis supplied.]

In the case at bar no child was involved and the trial judge determined on the basis of specific findings that appellee was not entitled to alimony as a matter of law. Consequently, with the entry on January 3, 1976 of the final decree of divorce, this case was closed for all purposes with the exception of the enforcement of so much of the decree as awarded counsel fees.

Reason and authority support this view. The settled law in this jurisdiction is that a judgment of absolute divorce entered by a court having subject matter jurisdiction and jurisdiction of the parties is, as to them, final and conclusive for all purposes. *Jackson v. Jackson*, D.C.App., 200 A.2d 380, 382 (1964); *Holmes v. Holmes*, 81 U.S.App.D.C. 132, 134, 155 F.2d 737, 739, 166 A.L.R. 1000 (1946). Thus, without more, any such judgment terminates the husband's duty of support and is res adjudicata as to every claim and demand put in issue and adjudicated[2] as well as every claim and demand which might have been but was not put in issue

1. When this case was first submitted the Division, as then constituted, was so concerned because of the inadequacy of the briefing, that it appointed as amicus curiae Charles Mayer, Esquire, a distinguished member of the bar with considerable expertise in family law. Mr. Mayer, as requested by the Division, addressed the jurisdictional questions apparent on the record and filed a statement of his views with the court. Mr. Mayer's statement was most

helpful in the preparation of this dissenting opinion and I personally thank him.

2. In the final divorce proceedings, appellee urged the court to continue in full force and effect the alimony provision of the limited divorce decree and to "reaffirm" the other provisions of that decree. The trial court declined sub silentio to do so and concluded as a matter of law that appellee was not entitled to alimony.

and adjudicated. *Jackson v. Jackson, supra; Holmes v. Holmes, supra.* *M.A.P. v. Ryan*, D.C.App., 285 A.2d 310, 312 (1971), mandates that we honor the doctrine of *Jackson* and *Holmes* as imperative authority until overruled by this court en banc. *See also* in this connection 24 Am.Jur. *Divorce and Separation* § 662 (1966).

It is against this background that the October 1980 judgment order can be viewed in proper perspective. That order awarded appellee additional counsel fees of $3,879.16 for legal services rendered subsequent to the November 15, 1978 judgment order,[3] thereby increasing appellant's liability for counsel fees from $865.00 owed on that date, to $4,754.16.[4]

The jurisdiction of the Family Division to award counsel fees in a divorce case is clearly defined by D.C.Code 1981, § 16–911, where it is provided:

During the pendency of an action for divorce . . . the court may:

(1) require the husband . . . to pay alimony . . . and suit money, including counsel fees, . . . and enforce any order relating thereto by attachment, garnishment and/or imprisonment for disobedience . . . .

In *Meyers & Batzell v. Moezie*, D.C.App., 208 A.2d 627, 629 (1965), appellants sought to maintain against the husband an independent action for counsel fees incurred by his wife in defending an action for divorce which was abated by her death. In affirming the dismissal of the action, this court declared that, what is now the Family Division of the Superior Court, may award counsel fees in a divorce case only during the pendency of the divorce proceedings, and that D.C.Code 1981, § 16–911, is the exclusive authority for any such award since

[o]nly under the statute does a court have power to grant such fees, wholly or partially, or to deny them completely. The congressional intent to have the equities of each case considered would be frustrated if actions such as this were permitted. *We hold that a husband can be held liable for the legal expenses incurred by his wife in a divorce action only if the divorce court so orders during the pendency of the action. [Id.* at 629; emphasis supplied.]

In the case at bar, the divorce proceedings were abated January 3, 1976, more than four years before the entry on October 24, 1980 of the judgment order awarding additional counsel fees.

The motions judge in the 1980 proceedings and likewise my colleagues seem to have thought that *Junghans v. Junghans*, 72 App.D.C. 129, 112 F.2d 212 (1940), was supporting authority for the order. But only a casual reading of *Junghans* is required to disclose its inapplicability in the factual setting which is the record we review. During the pendency of the divorce proceedings in *Junghans*, there was an award of alimony for the support of the wife and child involved and an award of counsel fees in connection with the collection of the amount awarded. In the case at bar, there was neither an award of alimony nor provision for child support or custody. *See and compare Holmes v. Holmes, supra.* Clearly, therefore, the doctrine of *Junghans* was wholly without application in the October 24, 1980 proceedings.[5] *Cf. Wood v. Wood*, D.C.App., 360 A.2d 488, 492 (1976).

---

**3.** Aside from the fact that the award was without a base in any legitimate Family Division proceeding, it constituted, in my opinion, a gross abuse of discretion because of its lack of proportion to the amount in controversy ($2,224.67) of which amount $1,359.67 was of questionable validity on the face of the record. *See Carr v. Haynes*, D.C.App., 374 A.2d 868, 870 (1977).

**4.** True it is that appellant has been a most difficult litigant and he and his ex-wife have troubled the judicial process in the Family Divi-

sion for more than four years. Yet I cannot in all faithfulness join my colleagues in approving this unusual judicial exercise.

**5.** What the court said in *Junghans, supra* 72 App.D.C. at 130, 112 F.2d at 213, was:

The District Code authorizes the court to award counsel fees "during the pendency of a suit for divorce." It also provides that "after a decree of divorce in any case granting alimony and providing for the care and custody of children, the case shall still be considered

In an effort to buttress the position they have taken respecting the Family Division's jurisdiction to award additional counsel fees, my colleagues have seized upon language employed by the judge in a bankruptcy proceeding in which appellant was involved, to the effect that the 1978 judgment order requiring appellant to reimburse appellee was comparable to an award of alimony. My colleagues reason from this that the October 1980 judgment order awarding $3,879.16 in additional counsel fees was an "order relating to such matters" for purposes of D.C.Code 1981, § 16–911. This, of course, is sophistry.

As pointed out above, the Family Division has jurisdiction to award alimony only during the pendency of a divorce proceeding and this divorce case was abated by a judgment of absolute divorce more than four years before the entry of the October 24, 1980 judgment order. Moreover, the trial judge in the final divorce proceeding concluded as a matter of law that appellee was not entitled to alimony.

But more than this, elementary rules of statutory construction require that the words "orders relating thereto" in D.C.Code 1981, § 16–911, be read and considered in their proper context. See 2A Sutherland Statutory Construction § 47.02 (4th ed. 1972). The reason for this is stated in the text as follows:

§ 47.02. The pertinent context.

Inherent in the use of textual considerations as resource materials for the interpretation of statutes is the problem of determining how much of the statutory context of the particular word or passage to be construed is relevant and probative for that purpose. The deceptive potential of taking part of a statement out of context is well known in regard to all kinds of verbal expression. The risk of misunderstanding as a result of allowing irrelevant portions of a text to influence the meaning attributed to the segment of text being construed is probably no less.

Thus, the words "order relating thereto" when read in the pertinent context of D.C. Code 1981, § 16–911, could have no sensible meaning except in reference to an action for divorce, during the pendency of which provision was made for alimony and/or child care or custody.

It follows from all of this that after the judgment of absolute divorce on January 3, 1976, no action was pending in this case except that involved in the collection of unpaid counsel fees awarded during the pendency of the divorce proceedings. The Family Division was therefore without subject matter jurisdiction of any claim of appellee thereafter asserted except for unpaid counsel fees which at the time of the November 15, 1978 proceedings amounted to $865.00.[6] *Holmes v. Holmes, supra; Meyers & Batzell v. Moezie, supra*, by which this Division is controlled. *See M.A.P. v. Ryan, supra.*

Much of what has been said regarding the October 24, 1980 judgment order applies with equal force to the November 15, 1978 judgment order. In that proceeding it was urged that the trial judge's failure to incorporate in the final divorce decree the reimbursement provision of the limited divorce decree was the result of oversight within the purview of either Super.Ct.Civ.R. 60(a) or 60(b)(3).[7] Because of the absence of any record support for this contention the inapplicability of the rules is too clear for discussion. My colleagues apparently agree because they rest on the assertion that there was no appeal from the November 15,

open for any future orders in those respects." An order for the payment of counsel fees, in connection with the collection of alimony and support, is an order "in those respects." It follows that the case was "open" for the purposes of this order. [Footnotes omitted.]

6. Appellee could have quickly resolved the matter of unpaid counsel fees by the simple expedient of invoking the Family Division's contempt powers conferred by D.C.Code 1981, § 16–911. In fact, she did just that with respect to the limited divorce decree.

7. Without ruling specifically on the Rule 60 motion, except to say that the oversight, if any, was that of appellee, the motions judge substituted his judgment for that of the trial judge.

1978 judgment order.[8] *See, nevertheless, Colbert Refrigeration Co. v. Edwards*, D.C. App., 356 A.2d 331 (1976); *Harris v. Harris*, D.C.App., 304 A.2d 635 (1973).

For all the reasons set forth above, I would reverse in this case and remand with directions to vacate for want of subject matter jurisdiction (1) the October 24, 1980 judgment order, (2) so much of the November 15, 1978 judgment order as adjudicated appellee's claim for reimbursement, and (3) for such further proceedings not inconsistent herewith, as may be required to enforce the judgment for the balance of counsel fees awarded during the pendency of the divorce proceedings.

---

8. Certainly there was no appeal from the 1978 judgment order, but since the Family Division was without jurisdiction in the first place, *Holmes v. Holmes, supra*, it is a nullity. *See In re Banks*, D.C.App., 306 A.2d 270, 273 (1973); *Whitman v. Noel*, D.C.Mun.App., 53 A.2d 280 (1947).